IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| **MARIA SIMMONS, THANH LE, TIMOTHY BALDWIN, LORIECELLE BONNEY, SHEKENA TALLEY, GARY KIRK, and SHALON RENAUD,** | CIVIL ACTION NO.   2:23-CV-015-RWS |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | |
| **WAL-MART ASSOCIATES, INC.,** | |
| Defendant. | |

## COMPLAINT

COME NOW Plaintiff, Maria Simmons, Thanh Le, Timothy Baldwin, Loriecelle Bonney, Shekena Talley, Gary Kirk , Shalon Renaud ("Plaintiff" collectively "Plaintiffs"), by and through counsel, signed below and files this Complaint, alleging as follows:

## NATURE OF THIS ACTION

1.

This action is brought under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §201 *et seq*., in which Plaintiffs seek compensatory, liquidated damages and attorney's fees, against Defendant for their

failure to pay wages due and for Defendant's failure to pay federally-mandated overtime wages during each Plaintiffs' employment with Defendant. This action is further brought under the Family Medical Leave Act ("FMLA") on behalf of Gary Kirk for Defendants' Interference of and Retaliation in the FMLA. And Shekena Talley also brings this action for violations of the Equal Protection Act.

2.

Plaintiffs worked for Defendant in various "manager" positions, during the relevant time period and they were denied their clearly established rights under applicable federal statutes.

3.

Defendant paid no overtime premium wages whatsoever to Plaintiffs.

4.

As a result of the practices of Defendant described herein, Defendant failed to adequately and lawfully compensate Plaintiffs as required by the FLSA.

## **Jurisdiction**

5.

Jurisdiction, over this action, is conferred, in this Court, by § 216(b) of FLSA, 29 U.S.C. § 216(b) as well as 28 U.S.C. § 1331.

6.

Plaintiffs submit themselves to the jurisdiction of this Court.

## Venue

7.

The unlawful employment practices were committed within the state of Georgia. Defendant maintains its registered agent in Forsyth County, Georgia Therefore, venue is proper in this district and division pursuant to 28 U.S.C. §1391(b) & (d).

8.

Plaintiffs reside in multiple jurisdictions and divisions within the state of Georgia and Plaintiffs submit themselves to the venue of this Court.

## PARTIES

**A.     Plaintiff Shekena Talley**

9.

Shekena Talley, one of the named Plaintiffs, in this action, is an individual who resides in the state of Georgia, county of Paulding, which is located in the Middle District of Georgia and who submits herself to the jurisdiction and venue of this Court.

10.

Plaintiff Talley worked for Defendant for approximately 5 years.

11.

Plaintiff Talley's title assigned to her by Defendant was HR Business Partner.

12.

Plaintiff Talley worked overtime each workweek.

13.

As a result of Defendant's intentional misclassification of Plaintiff Talley, Plaintiff was never paid overtime premiums.

14.

Plaintiff Talley is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

**B.    Gary Kirk**

15.

Gary Kirk, one of the named Plaintiffs, in this action, is an individual who resides in the state of Georgia, county of Douglas, which is located in the Northern District of Georgia and who submits himself to the jurisdiction and venue of this Court.

16.

Prior to his termination, Plaintiff Kirk worked for Defendant for approximately 1.5 years.

17.

Plaintiff Kirk worked overtime each workweek.

18.

As a result of Defendant's intentional misclassification of Plaintiff Kirk, Plaintiff was never paid overtime premiums.

19.

Plaintiff Kirk is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

20.

The title Plaintiff Kirk was assigned by Defendant was Environmental Health and Safety Operations Manager.

21.

At the time of his termination, Plaintiff Gary Kirk was using his rights afforded him by the FMLA.

22.

Said termination interfered with Plaintiff Kirk's FMLA rights when they

terminated him citing a pretextual reason.

23.

Said termination was also in retaliation for Plaintiff Kirk using his federally-mandated rights.

**C.    Maria Simmons**

24.

Maria Simmons, one of the named Plaintiffs in this action, is an individual who resides in the state of Georgia, county of Fayette, which is located in the Northern District of Georgia and who submits herself to the jurisdiction and venue of this Court.

25.

Prior to her termination, Plaintiff Simmons worked for Defendant for approximately 17 years.

26.

The title assigned Plaintiff Simmons by Defendant was Transportation Operations Manager.

27.

Plaintiff Simmons worked overtime each workweek.

28.

As a result of Defendant's intentional misclassification of Plaintiff Simmons, Plaintiff was never paid overtime premiums.

29.

Plaintiff Simmons is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

**D.   Loriecelle Bonney**

30.

Loriecelle Bonney, one of the named Plaintiffs, in this action, is an individual who resides in the state of Georgia, county of Cobb, which is located in the Northern District of Georgia and who submits herself to the jurisdiction and venue of this Court.

31.

Prior to her termination, Plaintiff Bonney worked for Defendant for approximately 3 years.

32.

The title assigned to Plaintiff Bonney by Defendant was Continuous Skills Development Manager.

33.

Plaintiff Bonney worked overtime each workweek.

34.

As a result of Defendant's intentional misclassification of Plaintiff Bonney, Plaintiff was never paid overtime premiums.

35.

Plaintiff Bonney is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

**E.     Timothy Baldwin**

36.

Timothy Baldwin, one of the named Plaintiffs, in this action, is an individual who resides in the state of Georgia, county of Cobb, which is located in the Northern District of Georgia and who submits himself to the jurisdiction and venue of this Court.

37.

Prior to his termination, Plaintiff Baldwin worked for Defendant for approximately 11 months at the time of termination.

38.

His title was Operations Maintenance Manager.

39.

Plaintiff Baldwin worked overtime each workweek.

40.

As a result of Defendant's intentional misclassification of Plaintiff Baldwin, Plaintiff was never paid overtime premiums.

41.

Plaintiff Baldwin is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

**F.     Thanh Le**

42.

Thanh Le, one of the named Plaintiffs, in this action, is an individual who resides in Florida and who submits himself to the jurisdiction and venue of this Court.

43.

Prior to his termination, Plaintiff Le was employed by Defendant, working remotely for approximately 2 years.

44.

The title assigned by Defendant to Plaintiff was Area Manager.

45.

Plaintiff Le worked overtime each workweek.

46.

As a result of Defendant's intentional misclassification of Plaintiff Le, Plaintiff was never paid overtime premiums.

47.

Plaintiff Le is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

G.    **Shalon Renaud**

48.

Shalon Renaud, one of the named Plaintiffs, in this action, is an individual who resides in the state of Georgia, county of Dekalb, which is located in the Northern District of Georgia and who submits herself to the jurisdiction and venue of this Court.

49.

Prior to her termination, Plaintiff Renaud worked for Defendant for approximately 1 year, 11 months.

50.

The title assigned to Plaintiff Renaud by Defendant was HR Business Partner.

51.

Plaintiff Renaud worked overtime each workweek.

52.

As a result of Defendant's intentional misclassification of Plaintiff Renaud, Plaintiff was never paid overtime premiums.

53.

Plaintiff Renaud is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

54.

Each named Plaintiff above was/is an "employee" as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1).

**H.    Defendant Wal-Mart**

55.

Wal-Mart, Inc. ("Defendant") is a foreign, for-profit corporation who is registered with the Georgia Secretary of State to do business in the state of Georgia, operating in many of the counties of Georgia and in all of Georgia's Federal Districts and Divisions.

56.

Wal-Mart, Inc. may be served by delivering the summons and Complaint to

its registered agent on record with the Georgia Secretary of State, The Corporation

Company, 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040-2794 or

to its attorneys, Timothy Newton and Nicole Espin at Constangy, Brooks, Smith &

Prophete, LLP.

### 57.

Wal-Mart, Inc. has substantial ties to the state of Georgia and the Northern

District of Georgia given that they operate a business located in Georgia and

maintain and maintained offices at all relevant times hereto, conducting regular,

not isolated acts of business in Georgia and in the Northern District of Georgia.

### 58.

Defendant was and is, at all times relevant to this action, an "employer"

within the meaning of FLSA, 29 U.S.C. § 204(d), an "enterprise" within the

meaning of FLSA, 29 U.S.C. § 204(r), and "engaged in commerce" within the

meaning of FLSA, 29 U.S.C. §§ 203(s)(1), 206, and 207.

### 59.

At all relevant times, Defendant has been and remains an "employer" within

the meaning of FLSA, 29 U.S.C. § 203(d) in that they acted "…directly or

indirectly in the interest of an employer in relation to an employee…" towards all

of the above-named Plaintiffs.

60.

As an employer who engages in commerce, Defendant is subject to the requirements of the FLSA, 29 U.S.C. §201 *et seq*.

61.

At all relevant times, Defendant has owned and operated a retail store and distribution center in multiple states, including Georgia and in multiple counties located in Georgia, engaging in interstate commerce and utilizing goods which moved in interstate commerce.

62.

During the relevant time period, the annual gross revenues of Defendant exceeded $500,000.00 per annum.

63.

Defendant was at all relevant times engaged in commerce as defined in 29 U.S.C. § 203(r) and § 203(s).

64.

Defendant constitutes an "enterprise" within the meaning of 29 U.S.C. § 203(r)(1), because it performed related activities through common control for a common business purpose.

65.

At relevant times, the enterprise engaged in commerce within the meaning of 29 U.S.C.§ 206(a) and § 207(a).

66.

At all times material herein, Plaintiffs have been entitled to the rights, protection and benefits provided under 29 U.S.C.§ 201, *et seq*.

67.

Defendant was at all relevant times aware of the existence and requirements to pay employees agreed upon wages and the employees who work longer than forty (40) hours in a single workweek, one and one half the employee's regular rate of pay for all hours worked within the workweek in excess of forty (40) hours.

68.

All actions by Defendant were willful and not the result of mistake or inadvertence.

69.

Defendant knew or should have known that the FLSA applied to the operation of business at all relevant times. Defendant knew of or should have been aware of previous litigation relating to wage and hour violations where the misclassification of managers under the FLSA was challenged.

70.

Despite being on notice of its violations, Defendant chose to continue to misclassify Plaintiffs and withhold overtime wages to each Plaintiff in an effort to enhance Defendant's profits.

71.

Defendant knew that managers such as Plaintiffs were employees that should be paid under the law and had simply chosen not to pay them in accordance with the law.

**FACTS**

72.

Each Plaintiff is a former employee of Defendant.

73.

During their tenure with Defendant, each Plaintiff was denied overtime payment for those hours worked in excess of 40 hours in a workweek.

74.

Throughout their tenure, as employees, with Defendant, each Plaintiff held the title of "manager" the primary duties of which did not fall under any exemption of the FLSA.

75.

Defendant utilizes a centralized structure of management and employees, including managers work within the prescribed structure.

76.

Because of Defendant's centralized structure of management, throughout their employment with Defendant, none of the Plaintiffs ever directed the work of any of Defendants' full-time employees.

77.

Because of Defendant's centralized structure of management, Plaintiffs never had the authority to hire and fire any of Defendant's other employees.

78.

Because of Defendant's centralized structure of management, Plaintiffs never exercised discretion or independent judgment with respect to matters significant to Defendant.

79.

At all times relevant to this action, each Plaintiff was non-exempt from the overtime pay requirements as afforded by the FLSA, 29 U.S.C. §§201 *et seq.*

80.

According to information and belief, Defendant paid all Plaintiffs by direct

deposit.

81.

While employed, Plaintiffs' work schedule and duties were controlled by

Defendant.

82.

Defendant failed to pay any of the Plaintiffs one and one-half times their

regular rate of pay for the hours worked in excess of forty in any workweek.

83.

Defendant's unlawful acts, omissions, and practices concerning the terms,

conditions, and provisions of Plaintiffs' employment violate the FLSA.

84.

As a result of Defendant's unlawful acts, omissions, and practices, Plaintiffs

suffered a loss of wages.

85.

Defendant's willful violation of the FLSA shows reckless disregard of

Plaintiffs' right to receive appropriate overtime compensation for their work with

Defendant.

86.

Defendant owes each Plaintiff pay for work performed but not compensated

in an amount to be determined, plus liquidated damages in an equal amount,

pursuant to 29 U.S.C. §216(b).

87.

Pursuant to Section 216(b) of the FLSA, Defendant owes Plaintiffs, for

reasonable attorney's fees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARD ACT (FLSA)

88.

Plaintiff re-alleges and incorporates by reference each of the foregoing

paragraphs of this Complaint as if set forth fully in this count.

89.

Upon hire, Plaintiffs and Defendant arrived at a rate of pay and intervals

upon which payment was to be made by Defendant to Plaintiffs.

90.

Each Plaintiff was intentionally misclassified by Defendant as salary-

exempt.

91.

Pursuant to 29 U.S.C. §213, Defendant was not exempted from paying any

of the Plaintiffs' overtime wages.

92.

Defendant was required, in accordance with the FLSA, to pay one and one-half times Plaintiffs' regular rate of pay for hours worked that were over 40 hours in each workweek.

93.

Defendant intentionally failed to pay any of the Plaintiffs one and one-half times their regular rate of pay for each hour worked over forty (40) hours in a week.

94.

Given that Defendant has been in business for many years, employing thousands of employees, Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

95.

During each week that Plaintiffs worked more than forty (40) hours per week, they are owed the overtime premium that they have never been paid.

96.

Defendants' unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiffs' employment violate the FLSA.

97.

As a result of Defendant's unlawful acts, omissions, and practices, Plaintiffs suffered a loss of wages, incurred damages, and significant financial loss.

98.

Defendant's willful violation of the FLSA shows reckless disregard of the rights of Plaintiffs to receive appropriate overtime compensation for their work with Defendant.

99.

By reason of its unlawful acts alleged herein, Defendant owes and is liable to each Plaintiff pay for monetary damages in an amount to be determined, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

100.

Pursuant to Section 216(b) of the FLSA, Defendant owes each Plaintiff for costs and reasonable attorney's fees as provided by the FLSA for all violations which occurred at least three (3) years preceding the filing of Plaintiffs' initial complaint.

101.

Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award

of prejudgment interest at the applicable legal rate.

## COUNT II

## INTERFERENCE IN VIOLATION OF 29 U.S.C.§ 2615 (a)(1) OF PLAINTIFF GARY KIRK

### 102.

Plaintiff Kirk incorporates preceding paragraphs 1through 8, 15 through 23, and 55 through 101 as if stated herein for this claim for relief.

### 103.

In accordance with 29 U.S.C. § 2612 (a)(1)(D), an FMLA-eligible employee is entitled to 12 workweeks of leave during any 12-month period for a serious health condition that makes the employee unable to perform the functions of the position of such employee.

### 104.

Defendant employed the requisite number of employees, during the relevant period and was therefore responsible to abide by Employer's responsibilities under FMLA during Plaintiff's employment with Defendant to include providing up to 12 weeks of unpaid job-protected leave per year.

### 105.

At all times relevant to this action, Plaintiff was an FMLA-eligible employee of Defendant.

106.

In accordance with 29 U.S.C. § 2615 (a)(1), it is unlawful to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under this chapter.

107.

Use of FMLA rights was a motivating factor in the adverse employment action of termination suffered by Plaintiff Kirk.

108.

At the time of his termination, Plaintiff Kirk was using his FMLA leave and he was eligible for multiple weeks of FMLA leave. Plaintiff Kirk would have used the remaining weeks to recover from his serious illness on the recommendation of his doctor.

109.

While on his leave, Plaintiff Kirk was told by his supervisor to come to the business to pick up a present gifted him by the company.

110.

Plaintiff Kirk, at the insistence of his supervisor, came to the business to pick up the present while still on FMLA leave.

111.

Plaintiff Kirk was terminated by Defendant for the pretextual reason of "gross misconduct" stemming from the receipt of this gift.

112.

Defendant interfered with Plaintiff Kirk's use of his FMLA leave when Defendant terminated Plaintiff Kirk.

113.

As a result of this adverse employment action, Plaintiff Kirk's medical bills have gone unpaid due to his loss of insurance benefits previously provided by Defendant as a benefit for working there.

114.

As a result of Defendant's interference in Plaintiff Kirk's FMLA rights, Plaintiff Kirk suffered economic loss, loss of the benefits of employment, embarrassment, and humiliation.

115.

Plaintiff Kirk is entitled to seek damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to him by reason of violation of FMLA by Defendant. 29 U.S.C. § 2617.

116.

Plaintiff Kirk is entitled to reinstatement of his employment and benefits as an Environmental Health and Safety Operations Manager caused by Defendant's unlawful actions. 29 U.S.C. § 2614.

117.

Plaintiff Kirk is entitled to an award of interest on the amount of his wages, salary and benefits calculated at the prevailing rate. 29 U.S.C. § 2617.

118.

Plaintiff Kirk is entitled to an award of liquidated damages, reasonable attorney's fees and costs of this action. 29 U.S.C. § 2617.

## COUNT III

## RETALIATION UNDER FMLA OF PLAINTIFF GARY KIRK A VIOLATION OF 29 U.S.C. § 2615(a)(1) and (2)

119.

Plaintiff Kirk incorporates preceding paragraphs 1 through 8, 15 through 23, 55 through 101 and 103 through 118 as if stated herein for this claim for relief.

120.

Plaintiff Kirk's FMLA leave was a motivating factor in the adverse employment action he suffered, termination, while on FMLA leave.

121.

Plaintiff Kirk is entitled to seek damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to him by reason of Defendant's violation of FMLA. 29 U.S.C. § 2617.

122.

Plaintiff Kirk is entitled to reinstatement of his employment and benefits as an Environmental Health and Safety Operations Manager caused by Defendant's unlawful actions. 29 U.S.C. § 2614.

123.

Plaintiff Kirk is entitled to an award of interest on the amount of his wages, salary and benefits calculated at the prevailing rate. 29 U.S.C. § 2617.

124.

Plaintiff Kirk is entitled to an award of reasonable attorney's fees and costs of this action. 29 U.S.C. § 2617.

## COUNT IV

## <u>VIOLATIONS OF THE EQUAL PAY ACT OF 1963 AS AMENDED, 29 U.S.C. § 206(a)  FOR PLAINTIFF SHEKENA TALLEY</u>

125.

Plaintiff Talley incorporates preceding paragraphs 1 through 8, 15 through 23, 55 through 101 as if stated herein for this claim for relief.

126.

Plaintiff Talley was hired as a Senior Business Partner with a starting salary of $55,000.00.

127.

Around the same time that Plaintiff Talley was hired, a male, Muamer Isic, who had similar experience and education was hired for the same role.

128.

Mr. Isic was given a starting salary of $100,000.00, almost double that of Plaintiff Talley.

129.

Defendants' actions were willful, deliberate, and intended to cause Plaintiff harm and/or were committed with reckless disregard of the harm caused to Plaintiff, in derogation of her federally protected rights including her right to Equal Protection under the law.

130.

Defendant's actions in paying lower wages to Plaintiff, a female, than those paid to the male performing the same job was and is willful and committed with reckless disregard for Plaintiff's rights to be free from discriminatory treatment on account of the Equal Pay Act.

131.

The effect of Defendant's above-stated actions has been to deprive Plaintiff

of equal pay for equal work, in violation of the Equal Pay Act of 1963, 29 U.S.C §

206(d) and the Fair Labor Standards Act of 1928, 29 U.S.C. §§ 201 *et seq.*

132.

Plaintiff is entitled to actual damages for Defendant's violations of the Equal

Pay Act.

133.

Plaintiff is entitled to liquidated damages for Defendant's violations of the

Equal Pay Act.

134.

 Plaintiff has suffered and will continue to suffer emotional distress as a

result of Defendant's actions.

135.

Therefore, Plaintiff is entitled to both equitable and monetary relief for

Defendant's violations of the law.

## **Prayer for Relief**

WHEREFORE, Plaintiffs respectfully pray that the Defendant be summoned

to appear and answer herein, for orders as follows:

1. Take jurisdiction of this matter;

2. Grant trial by jury as to all matters properly triable to a jury;

3. Instruct the Clerk of Court to issue summons that is attached herein;

4. Issue an Order holding Defendant to be an "employer" as that term is defined under the FLSA;

5. Issue a judgment declaring that each Plaintiff is an employee covered by the FLSA, and that Defendant has failed to comply with its obligations under the FLSA;

6. Issue an order finding that Defendant violated sections 215 and 216 of the FLSA;

7. Award judgment in favor of each Plaintiff, against Defendant for unpaid overtime compensation together with liquidated damages in an equal amount;

8. Award each Plaintiff prejudgment interest from Defendant on all amounts owed to the extent that liquidated damages are not awarded;

9. Award each Plaintiff nominal damages;

10. Pursuant to Section 216(b) of the FLSA, judgment in favor of each Plaintiff against Defendant;

11. Judgment in favor of each Plaintiff, against Defendant for reasonable

attorney fees;

12. Judgment in favor of each Plaintiff against Defendant for all taxable and non-taxable costs;

13. Pursuant to the Seventh Amendment of the United States Constitution and Rule 38, Fed. R. Civ. P., TRIAL BY JURY on all claims, on each Plaintiff on which a jury is available;

14. Award such other, further and different relief as this Court deems appropriate and proper including reinstatement for each Plaintiff and against Defendant.

15. Issue a declaratory judgment that Defendant's acts, policies, practices and procedures complained of herein violated Plaintiff Kirk's rights as secured under the Family Medical Leave Act ("FMLA");

16. Award Plaintiff Kirk his lost wages plus liquidated damages, costs and attorney's fees as he is entitled for Defendants' violations of the FMLA;

17. Issue a declaratory judgment that Defendant's acts, policies, practices and procedures complained of herein violated Plaintiff Talley's rights as secured under the Equal Protection Act ("EPA"); and

18. Award Plaintiff Talley her wages, liquidated damages, equitable damages and damages for her emotional damages.

Respectfully submitted this 25th day of January, 2023.

/s/ Beverly A. Lucas
_____

Beverly A. Lucas
Georgia Bar No. 427692
**LUCAS & LEON, LLC**
P.O. Box 752
Clarkesville, Georgia 30523
beverly@lucasandleon.com

*Attorney for Plaintiffs*

## **<u>CERTIFICATION</u>**

I do hereby certify that this document has been prepared in Times Roman font,

14 point, in compliance with LR 5.1(C) of this Court.


*/s/ Beverly Lucas*
Beverly Lucas