IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

**MARIA SIMMONS, THANH LE, TIMOTHY BALDWIN, LORIECELLE BONNEY, SHEKENA TALLEY, GARY KIRK, SHALON RENAUD, THOMAS DRISCOLL, KENDRA RUSSELL, KEITH RICHARDS, TOM MOELLER, THERON ECKWOOD, FELICIA MCKENSIE, CHARLENE CRUMP, KEITH BRADLEY, DARIUS BAKER, BRYAN ARNOLD, RODNEY TAYLOR, JACQUES BAYA, SHAVONTA KINARD, DAVID COLLIER, JUAN ROSADO, STEPHEN WILSON, COREY ADAMS, SABRINA HILL, JACQUELYN JONES, ANGELIQUE MCLEOD, RICK BUTTS, IESHA PRATHER, TIMOTHY DUGGER,CHANTA SWINT, AMANDA TYREE, KAREN MURPHY (COOPER), STEPHANIE SMITH, and MALIK FRANKLIN**

        Plaintiffs,

v.

**WAL-MART ASSOCIATES, INC.,**

        Defendant.

**CIVIL ACTION NO.:**

**2:23-cv-00015-SCJ**

**JURY TRIAL DEMANDED**

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COME NOW Plaintiff, Maria Simmons, Thanh Le, Timothy Baldwin, Loriecelle Bonney, Shekena Talley, Gary Kirk , Shalon Renaud, Thomas Driscoll, Kendra Russell, Keith Richards, Tom Moeller, Theron Eckwood, Felicia McKensie, Charlene Crump, Keith Bradley, Darius Baker, Bryan Arnold, Rodney Taylor, Jacques Baya, Shavonta Kinard, David Collier, Juan Rosado, Stephen Wilson, Corey Adams, Sabrina Hill, Jacquelyn Jones, Angelique McLeod, Shalon Renaud, Rick Butts, Iesha Prather, Timothy Dugger, Chanta Swint, Amanda Tyree, Karen Murphy (Cooper) Malik Franklin, and Stephanie Smith ("Plaintiff" collectively "Plaintiffs"), by and through counsel, signed below amending their Complaint pursuant to Fed. R. Civ. P. 15(a)(1) by filing this, Plaintiffs' First Amended Complaint, alleging as follows:

## NATURE OF THIS ACTION

1.

This action is brought under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §201 *et seq*., in which Plaintiffs seek compensatory, liquidated damages and attorney's fees, against Defendant for their failure to pay wages due and for Defendant's failure to pay federally-mandated overtime wages during each Plaintiffs' employment with Defendant. This action is

further brought under the Family Medical Leave Act ("FMLA") on behalf of Gary Kirk, Shavonta Kinard and Sabrina Hill for Defendants' Interference of and Retaliation in the FMLA. And Shekena Talley also brings this action for violations of the Equal Protection Act. This Amended Complaint is filed in order to add the additional Plaintiffs and in the interest of preservation of the Court's resources.

2.

Plaintiffs worked for Defendant in various "manager" positions, during the relevant time period and they were denied their clearly established rights under applicable federal statutes.

3.

Defendant paid no overtime premium wages whatsoever to Plaintiffs.

4.

As a result of the practices of Defendant described herein, Defendant failed to adequately and lawfully compensate Plaintiffs as required by the FLSA.

**<u>Jurisdiction</u>**

5.

Jurisdiction, over this action, is conferred, in this Court, by § 216(b) of FLSA, 29 U.S.C. § 216(b) as well as 28 U.S.C. § 1331.

6.

Plaintiffs submit themselves to the jurisdiction of this Court.

**<u>Venue</u>**

7.

The unlawful employment practices were committed within the state of Georgia. Defendant maintains its registered agent in Forsyth County, Georgia Therefore, venue is proper in this district and division pursuant to 28 U.S.C. §1391(b) & (d).

8.

Plaintiffs reside in multiple jurisdictions and divisions within the state of Georgia and Plaintiffs submit themselves to the venue of this Court.

**<u>PARTIES</u>**

**A.    Shekena Talley ("Plaintiff Talley")**

9.

Shekena Talley, one of the named Plaintiffs, in this action, is an individual who resides in the state of Georgia, county of Paulding, which is located in the Middle District of Georgia and who submits herself to the jurisdiction and venue of this Court.

10.

Plaintiff Talley worked for Defendant for approximately 5 years.

11.

The title assigned by Defendant to Plaintiff Talley was HR Business Partner.

12.

Plaintiff Talley worked overtime each workweek.

13.

As a result of Defendant's intentional misclassification of Plaintiff Talley, Plaintiff was never paid overtime premiums.

14.

Plaintiff Talley is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

**B.    Gary Kirk ("Plaintiff Kirk")**

15.

Gary Kirk, one of the named Plaintiffs, in this action, is an individual who resides in the state of Georgia, county of Douglas, which is located in the Northern District of Georgia and who submits himself to the jurisdiction and venue of this Court.

16.

Prior to his termination, Plaintiff Kirk worked for Defendant for approximately 1.5 years.

17.

Plaintiff Kirk worked overtime each workweek.

18.

As a result of Defendant's intentional misclassification of Plaintiff Kirk, Plaintiff was never paid overtime premiums.

19.

Plaintiff Kirk is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

20.

The title assigned by Defendant to Plaintiff Kirk was Environmental Health and Safety Operations Manager.

21.

At the time of his termination, Plaintiff Gary Kirk was using his rights afforded him by the FMLA.

22.

Said termination interfered with Plaintiff Kirk's FMLA rights when they

terminated him citing a pretextual reason.

23.

Said termination was also in retaliation for Plaintiff Kirk using his federally-mandated rights.

**C.    Maria Simmons ("Plaintiff Simmons")**

24.

Maria Simmons, one of the named Plaintiffs in this action, is an individual who resides in the state of Georgia, county of Fayette, which is located in the Northern District of Georgia and who submits herself to the jurisdiction and venue of this Court.

25.

Prior to her termination, Plaintiff Simmons worked for Defendant for approximately 17 years.

26.

The title assigned by Defendant to Plaintiff Simmons was Transportation Operations Manager.

27.

Plaintiff Simmons worked overtime each workweek.

28.

As a result of Defendant's intentional misclassification of Plaintiff Simmons, Plaintiff was never paid overtime premiums.

29.

Plaintiff Simmons is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

**D.    Loriecelle Bonney ("Plaintiff Bonney")**

30.

Loriecelle Bonney, one of the named Plaintiffs, in this action, is an individual who resides in the state of Georgia, county of Cobb, which is located in the Northern District of Georgia and who submits herself to the jurisdiction and venue of this Court.

31.

Prior to her termination, Plaintiff Bonney worked for Defendant for approximately 3 years.

32.

The title assigned by Defendant to Plaintiff Bonney was Continuous Skills Development Manager.

33.

Plaintiff Bonney worked overtime each workweek.

34.

As a result of Defendant's intentional misclassification of Plaintiff Bonney, Plaintiff was never paid overtime premiums.

35.

Plaintiff Bonney is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

**E.     Timothy Baldwin ("Plaintiff Bonney")**

36.

Timothy Baldwin, one of the named Plaintiffs, in this action, is an individual who resides in the state of Georgia, county of Cobb, which is located in the Northern District of Georgia and who submits himself to the jurisdiction and venue of this Court.

37.

Prior to his termination, Plaintiff Baldwin worked for Defendant for approximately 1 year at the time of termination.

38.

The title assigned by Defendant to Plaintiff Baldwin was Operations

Maintenance Manager.

39.

Plaintiff Baldwin worked overtime each workweek.

40.

As a result of Defendant's intentional misclassification of Plaintiff Baldwin, Plaintiff was never paid overtime premiums.

41.

Plaintiff Baldwin is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

**F.    Thanh Le ("Plaintiff Le")**

42.

Thanh Le, one of the named Plaintiffs, in this action, is an individual who resides in Florida and who submits himself to the jurisdiction and venue of this Court.

43.

Prior to his termination, Plaintiff Le was employed by Defendant, working remotely for approximately 2 years.

44.

The title assigned by Defendant to Plaintiff Le was Area Manager.

45.

Plaintiff Le worked overtime each workweek.

46.

As a result of Defendant's intentional misclassification of Plaintiff Le, Plaintiff was never paid overtime premiums.

47.

Plaintiff Le is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

**G.    Shalon Renaud ("Plaintiff Renaud")**

48.

Shalon Renaud, one of the named Plaintiffs, in this action, is an individual who resides in the state of Georgia, county of Dekalb, which is located in the Northern District of Georgia and who submits herself to the jurisdiction and venue of this Court.

49.

Prior to her termination, Plaintiff Renaud worked for Defendant for approximately 1 year.

50.

The title assigned by Defendant to Plaintiff Renaud was HR Business

Partner.

51.

Plaintiff Renaud worked overtime each workweek.

52.

As a result of Defendant's intentional misclassification of Plaintiff Renaud, Plaintiff was never paid overtime premiums.

53.

Plaintiff Renaud is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

54.

Each named Plaintiff above was/is an "employee" as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1).

**H.    Kendra Russell ("Plaintiff Russell")**

55.

Kendra Russell, one of the named Plaintiffs, in this action, is an individual who resides in the state of Georgia, county of Fulton, which is located in the Northern District of Georgia and who submits herself to the jurisdiction and venue of this Court.

56.

Plaintiff Russell worked for Defendant for approximately 6 years.

57.

The title assigned by Defendant to Plaintiff Russell was an Area Manager.

58.

Plaintiff Russell worked overtime each workweek.

59.

As a result of Defendant's intentional misclassification of Plaintiff Russell,

Plaintiff was never paid overtime premiums.

60.

Plaintiff Russell is owed full overtime premium wages for all hours in

excess of forty (40) in each workweek.

I.    **Keith Richards ("Plaintiff Richards")**

61.

Keith Richards, one of the named Plaintiffs, in this action, is an individual

who resides in Fayette County, Georgia and who submits himself to the

jurisdiction and venue of this Court.

62.

Prior to his termination, Plaintiff Richards was employed by Defendant,

working remotely for approximately 1 year.

63.

The title assigned by Defendant to Plaintiff Richards was Operations Manager.

64.

Plaintiff Richards worked overtime each workweek.

65.

As a result of Defendant's intentional misclassification of Plaintiff Richards, Plaintiff was never paid overtime premiums.

66.

Plaintiff Richards is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

**J.     Tom Moeller ("Plaintiff Moeller")**

67.

Tom Moeller, one of the named Plaintiffs, in this action, is an individual who resides in Cobb County, Georgia and who submits himself to the jurisdiction and venue of this Court.

68.

Prior to his termination, Plaintiff Moeller was employed by Defendant,

working remotely for approximately 4 years.

69.

The title assigned by Defendant to Plaintiff Moeller was Traffic Manager.

70.

Plaintiff Moeller worked overtime each workweek.

71.

As a result of Defendant's intentional misclassification of Plaintiff Moeller, Plaintiff was never paid overtime premiums.

72.

Plaintiff Moeller is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

**K.    Theron Eckwood ("Plaintiff Eckwood")**

73.

Theron Eckwood, one of the named Plaintiffs, in this action, is an individual who resides in Cobb County, Georgia and who submits himself to the jurisdiction and venue of this Court.

74.

Prior to his termination, Plaintiff Eckwood was employed by Defendant, working remotely for approximately 1 year.

75.

The title assigned by Defendant to Plaintiff Eckwood was Area Manager.

76.

Plaintiff Eckwood worked overtime each workweek.

77.

As a result of Defendant's intentional misclassification of Plaintiff

Eckwood, Plaintiff was never paid overtime premiums.

78.

Plaintiff Eckwood is owed full overtime premium wages for all hours in

excess of forty (40) in each workweek.

**L.    Felicia McKensie ("Plaintiff McKensie")**

79.

Felicia McKensie, one of the named Plaintiffs, in this action, is an individual

who resides in the state of Georgia, county of Carroll County, which is located in

the Middle District of Georgia and who submits herself to the jurisdiction and

venue of this Court.

80.

Plaintiff McKensie worked for Defendant for approximately 4 years.

81.

The title assigned by Defendant to Plaintiff McKensie was Area Manager.

82.

Plaintiff McKensie worked overtime each workweek.

83.

As a result of Defendant's intentional misclassification of Plaintiff McKensie, Plaintiff was never paid overtime premiums.

84.

Plaintiff McKensie is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

**M.    Charlene Crump ("Plaintiff Crump")**

85.

Charlene Crump, one of the named Plaintiffs, in this action, is an individual who resides in the state of Georgia, county of Carroll and who submits herself to the jurisdiction and venue of this Court.

86.

Plaintiff Crump worked for Defendant for approximately 1 year.

87.

The title assigned by Defendant to Plaintiff Crump was Area Floor Manager,

Outbound.

88.

Plaintiff Crump worked overtime each workweek.

89.

As a result of Defendant's intentional misclassification of Plaintiff Crump, Plaintiff was never paid overtime premiums.

90.

Plaintiff Crump is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

**N.    Keith Bradley ("Plaintiff Bradley")**

91.

Keith Bradley, one of the named Plaintiffs, in this action, is an individual who resides in Locust, North Carolina and who submits himself to the jurisdiction and venue of this Court.

92.

Prior to his termination, Plaintiff Bradley was employed by Defendant, working remotely for approximately 3 years.

93.

The title assigned by Defendant to Plaintiff Bradley was Systems Area

Manager.

94.

Plaintiff Bradley worked overtime each workweek.

95.

As a result of Defendant's intentional misclassification of Plaintiff Bradley, Plaintiff was never paid overtime premiums.

96.

Plaintiff Bradley is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

**O.   Darius Baker ("Plaintiff Baker")**

97.

Darius Baker, one of the named Plaintiffs, in this action, is an individual who resides in Henry County, Georgia and who submits himself to the jurisdiction and venue of this Court.

98.

Prior to his termination, Plaintiff Baker was employed by Defendant, working remotely for approximately 2 years.

99.

The title assigned by Defendant to Plaintiff Baker was Area Manager.

100.

Plaintiff Baker worked overtime each workweek.

101.

As a result of Defendant's intentional misclassification of Plaintiff Baker, Plaintiff was never paid overtime premiums.

102.

Plaintiff Baker is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

**P.    Bryan Arnold ("Plaintiff Arnold")**

103.

Bryan Arnold, one of the named Plaintiffs, in this action, is an individual who resides in Fulton County, Georgia and who submits himself to the jurisdiction and venue of this Court.

104.

Prior to his termination, Plaintiff Arnold was employed by Defendant, working remotely for approximately 4 years.

105.

The title assigned by Defendant to Plaintiff Arnold was Inbound Operations Manager.

106.

Plaintiff Arnold worked overtime each workweek.

107.

As a result of Defendant's intentional misclassification of Plaintiff Arnold, Plaintiff was never paid overtime premiums.

108.

Plaintiff Arnold is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

**Q.    Angelique McLeod ("Plaintiff McLeod")**

109.

Angelique McLeod, one of the named Plaintiffs, in this action, is an individual who resides in the state of Georgia, county of Fulton, which is located in the Northern District of Georgia and who submits herself to the jurisdiction and venue of this Court.

110.

Plaintiff McLeod worked for Defendant for approximately 6 years.

111.

The title assigned by Defendant to Plaintiff McLeod was AP Associate.

112.

Plaintiff McLeod worked overtime each workweek.

113.

As a result of Defendant's intentional misclassification of Plaintiff McLeod, Plaintiff was never paid overtime premiums.

114.

Plaintiff McLeod is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

**R.    Rick Butts ("Plaintiff Butts")**

115.

Rick Butts, one of the named Plaintiffs, in this action, is an individual who resides in Fulton County, Georgia and who submits himself to the jurisdiction and venue of this Court.

116.

Prior to his termination, Plaintiff Butts was employed by Defendant, working remotely for approximately 4 years.

117.

The title assigned by Defendant to Plaintiff Butts was Area Manager.

118.

Plaintiff Butts worked overtime each workweek.

119.

As a result of Defendant's intentional misclassification of Plaintiff Butts, Plaintiff was never paid overtime premiums.

120.

Plaintiff Butts is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

**S.    Iesha Prather ("Plaintiff Prather")**

121.

Iesha Prather, one of the named Plaintiffs, in this action, is an individual who resides in the state of Georgia, county of Coweta and who submits herself to the jurisdiction and venue of this Court.

122.

Plaintiff Prather worked for Defendant for approximately 6 years.

123.

The title assigned by Defendant to Plaintiff Prather was EHS Area Manager.

124.

Plaintiff Prather worked overtime each workweek.

125.

As a result of Defendant's intentional misclassification of Plaintiff Prather, Plaintiff was never paid overtime premiums.

126.

Plaintiff Prather is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

**T.     Timothy Dugger ("Plaintiff Dugger")**

127.

Timothy Dugger, one of the named Plaintiffs, in this action, is an individual who resides in Fayette County, Georgia and who submits himself to the jurisdiction and venue of this Court.

128.

Prior to his termination, Plaintiff Dugger was employed by Defendant, working remotely for approximately 2 years.

129.

The title assigned by Defendant to Plaintiff Dugger was Operations Manager Outbound.

130.

Plaintiff Dugger worked overtime each workweek.

131.

As a result of Defendant's intentional misclassification of Plaintiff Dugger, Plaintiff was never paid overtime premiums.

132.

Plaintiff Dugger is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

**U.    Chanta Swint ("Plaintiff Swint")**

133.

Chanta Swint, one of the named Plaintiffs, in this action, is an individual who resides in the state of Georgia, county of Cobb, which is located in the Northern District of Georgia and who submits herself to the jurisdiction and venue of this Court.

134.

Plaintiff Swint worked for Defendant for approximately 2 years.

135.

The title assigned by Defendant to Plaintiff Swint was Area Flow Manager.

136.

Plaintiff Swint worked overtime each workweek.

137.

As a result of Defendant's intentional misclassification of Plaintiff Swint, Plaintiff was never paid overtime premiums.

138.

Plaintiff Swint is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

## V.    Amanda Tyree ("Plaintiff Tyree")

139.

Amanda Tyree, one of the named Plaintiffs, in this action, is an individual who resides in the state of Georgia, county of Fayette and who submits herself to the jurisdiction and venue of this Court.

140.

Plaintiff Tyree worked for Defendant for approximately 4 years.

141.

The title assigned by Defendant to Plaintiff Tyree was Project Manager II.

142.

Plaintiff Tyree worked overtime each workweek.

143.

As a result of Defendant's intentional misclassification of Plaintiff Tyree,

Plaintiff was never paid overtime premiums.

144.

Plaintiff Tyree is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

**W.    Rodney Taylor ("Plaintiff Taylor")**

145.

Rodney Taylor, one of the named Plaintiffs, in this action, is an individual who resides in Fulton County, Georgia and who submits himself to the jurisdiction and venue of this Court.

146.

Prior to his termination, Plaintiff Taylor was employed by Defendant, working remotely for approximately 3 years.

147.

The title assigned by Defendant to Plaintiff Taylor was Area Manager.

148.

Plaintiff Taylor worked overtime each workweek.

149.

As a result of Defendant's intentional misclassification of Plaintiff Taylor, Plaintiff was never paid overtime premiums.

150.

Plaintiff Taylor is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

## X.    Jacques Baya ("Plaintiff Baya")

151.

Jacques Baya, one of the named Plaintiffs, in this action, is an individual who resides in Gwinnett County, Georgia and who submits himself to the jurisdiction and venue of this Court.

152.

Prior to his termination, Plaintiff Baya was employed by Defendant, working remotely for approximately 1 year.

153.

The title assigned by Defendant to Plaintiff Baya was Outbound Area Manager.

154.

Plaintiff Baya worked overtime each workweek.

155.

As a result of Defendant's intentional misclassification of Plaintiff Baya, Plaintiff was never paid overtime premiums.

156.

Plaintiff Baya is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

**Y.    Shavonta Kinard ("Plaintiff Kinard")**

157.

Shavonta Kinard, one of the named Plaintiffs, in this action, is an individual who resides in the state of Georgia, county of Fulton, which is located in the Northern District of Georgia and who submits herself to the jurisdiction and venue of this Court.

158.

Plaintiff Kinard worked for Defendant for approximately 1 year.

159.

The title assigned by Defendant to Plaintiff Kinard was Area Manager.

160.

Plaintiff Kinard worked overtime each workweek.

161.

As a result of Defendant's intentional misclassification of Plaintiff Kinard, Plaintiff was never paid overtime premiums.

162.

Plaintiff Kinard is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

163.

Plaintiff Kinnard went on FMLA leave on July 8, 2022.

164.

Plaintiff was due to return from FMLA leave on or about October 7, 2022.

165.

Plaintiff Kinnard was terminated on August 27, 2022 by Defendant.

166.

At the time of Plaintiff Kinnard's termination, Plaintiff Kinnard had about 8 weeks she had earned in FMLA leave but were never provided to her.

**Z.    David Collier ("Plaintiff Collier")**

167.

David Collier, one of the named Plaintiffs, in this action, is an individual who resides in Henry County, Georgia and who submits himself to the jurisdiction and venue of this Court.

168.

Prior to his termination, Plaintiff Collier was employed by Defendant,

working remotely for approximately 19 years.

169.

The title assigned by Defendant to Plaintiff Collier was Area Manager.

170.

Plaintiff Collier worked overtime each workweek.

171.

As a result of Defendant's intentional misclassification of Plaintiff Collier,

Plaintiff was never paid overtime premiums.

172.

Plaintiff Collier is owed full overtime premium wages for all hours in excess

of forty (40) in each workweek.

## AA.  Juan Rosado ("Plaintiff Rosado")

173.

Juan Rosado, one of the named Plaintiffs, in this action, is an individual who

resides in Cobb County, Georgia and who submits himself to the jurisdiction and

venue of this Court.

174.

Prior to his termination, Plaintiff Rosado was employed by Defendant,

working remotely for approximately 4 years.

175.

The title assigned by Defendant to Plaintiff Rosado was Area Manager.

176.

Plaintiff Rosado worked overtime each workweek.

177.

As a result of Defendant's intentional misclassification of Plaintiff Rosado, Plaintiff was never paid overtime premiums.

178.

Plaintiff Rosado is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

**BB.   Stephen Wilson ("Plaintiff Wilson")**

179.

Stephen Wilson, one of the named Plaintiffs, in this action, is an individual who resides in Fulton County, Georgia and who submits himself to the jurisdiction and venue of this Court.

180.

Prior to his termination, Plaintiff Wilson was employed by Defendant, working remotely for approximately 5 years.

181.

The title assigned by Defendant to Plaintiff Wilson was Maintenance Area Manager.

182.

Plaintiff Wilson worked overtime each workweek.

183.

As a result of Defendant's intentional misclassification of Plaintiff Wilson, Plaintiff was never paid overtime premiums.

184.

Plaintiff Wilson is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

185.

Plaintiff Wilson went on FMLA leave on March 31, 2022.

186.

Plaintiff Wilson's was on disability at the time of his termination and lost that income entirely.

187.

Plaintiff Wilson was terminated on August 27, 2022 by Defendant.

188.

At the time of Plaintiff Wilson's termination, Plaintiff Wilson had about 1 more week of short-term disability leave but it was never provided to him.

189.

Once the short-term disability leave ended, Plaintiff Wilson would have been eligible for long term disability. Upon termination, all benefits ended.

**CC. Corey Adams ("Plaintiff Adams")**

190.

Corey Adams, one of the named Plaintiffs, in this action, is an individual who resides in Clayton County, Georgia and who submits himself to the jurisdiction and venue of this Court.

191.

Prior to his termination, Plaintiff Adams was employed by Defendant, working remotely for approximately 2 years.

192.

The title assigned by Defendant to Plaintiff Adams was Inbound Area Manager.

193.

Plaintiff Adams worked overtime each workweek.

194.

As a result of Defendant's intentional misclassification of Plaintiff Adams, Plaintiff was never paid overtime premiums.

195.

Plaintiff Adams is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

**DD.  Sabrina Hill ("Plaintiff Hill")**

196.

Sabrina Hill, one of the named Plaintiffs, in this action, is an individual who resides in the state of Georgia, county of Coweta and who submits herself to the jurisdiction and venue of this Court.

197.

Plaintiff Hill worked for Defendant for approximately 7 years.

198.

The title assigned by Defendant to Plaintiff Hill was Quality Assurance Manager.

199.

Plaintiff Hill worked overtime each workweek.

200.

As a result of Defendant's intentional misclassification of Plaintiff Hill, Plaintiff was never paid overtime premiums.

201.

Plaintiff Hill is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

202.

Plaintiff Hill went on FMLA leave on or about June 2022.

203.

Plaintiff Hill was due to return from FMLA leave on or about January 1, 2023.

204.

Plaintiff Hill was terminated on August 26, 2022 by Defendant.

205.

At the time of Plaintiff Hill's termination, Plaintiff Hill had about 4 more weeks she had earned in FMLA leave but were never provided to her.

**EE.  Jacquelyn Jones ("Plaintiff J. Jones")**

206.

Jacquelyn Jones, one of the named Plaintiffs, in this action, is an individual

who resides in the state of Georgia, county of Henry and who submits herself to the jurisdiction and venue of this Court.

207.

Plaintiff J. Jones worked for Defendant for approximately 27 years.

208.

The title assigned by Defendant to Plaintiff J. Jones was Area Manager.

209.

Plaintiff J. Jones worked overtime each workweek.

210.

As a result of Defendant's intentional misclassification of Plaintiff J. Jones, Plaintiff was never paid overtime premiums.

211.

Plaintiff J. Jones is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

## FF.    Stephanie Smith ("Plaintiff S. Smith")

212.

Stephanie Smith, one of the named Plaintiffs, in this action, is an individual who resides in the state of Georgia, county of Gwinnett, which is located in the Northern District of Georgia and who submits herself to the jurisdiction and venue

of this Court.

213.

Plaintiff S. Smith worked for Defendant for approximately 15 years.

214.

The title assigned by Defendant to Plaintiff S. Smith was Area Manager.

215.

Plaintiff S. Smith worked overtime each workweek.

216.

As a result of Defendant's intentional misclassification of Plaintiff S. Smith, Plaintiff was never paid overtime premiums.

217.

Plaintiff S. Smith is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

## GG.   Thomas Driscoll ("Plaintiff Driscoll")

218.

Thomas Driscoll, one of the named Plaintiffs, in this action, is an individual who resides in the state of Georgia, county of DeKalb, which is located in the Northern District of Georgia and who submits himself to the jurisdiction and venue of this Court.

219.

Prior to his termination, Plaintiff Driscoll worked for Defendant for approximately 1 year at the time of termination.

220.

The title assigned by Defendant to Plaintiff Driscoll was Area Manager.

221.

Plaintiff Driscoll worked overtime each workweek.

222.

As a result of Defendant's intentional misclassification of Plaintiff Driscoll, Plaintiff was never paid overtime premiums.

223.

Plaintiff Driscoll is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

**HH.  Karen Murphy (Cooper) ("Plaintiff Murphy")**

224.

Karen Murphy, one of the named Plaintiffs, in this action, is an individual who resides in the state of Georgia, county of Cobb, which is located in the Northern District of Georgia and who submits herself to the jurisdiction and venue of this Court.

225.

Plaintiff Murphy worked for Defendant for approximately 4 years.

226.

The title assigned by Defendant to Plaintiff Murphy was Area Business Manager.

227.

Plaintiff Murphy worked overtime each workweek.

228.

As a result of Defendant's intentional misclassification of Plaintiff Murphy, Plaintiff was never paid overtime premiums.

229.

Plaintiff Murphy is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

**Malik Franklin ("Plaintiff Franklin")**

230.

Malik Franklin, one of the named Plaintiffs, in this action, is an individual who resides in the state of Georgia, county of Cobb, which is located in the Northern District of Georgia and who submits himself to the jurisdiction and venue of this Court.

231.

Prior to his termination, Plaintiff Franklin worked for Defendant for approximately 2 years at the time of termination.

232.

The title assigned by Defendant to Plaintiff Franklin was Area Manager.

233.

Plaintiff Franklin worked overtime each workweek.

234.

As a result of Defendant's intentional misclassification of Plaintiff Franklin, Plaintiff was never paid overtime premiums.

235.

Plaintiff Franklin is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

**Defendant Wal-Mart**

236.

Wal-Mart, Inc. ("Defendant") is a foreign, for-profit corporation who is registered with the Georgia Secretary of State to do business in the state of Georgia, operating in many of the counties of Georgia and in all of Georgia's Federal Districts and Divisions.

237.

Wal-Mart, Inc. has been served by delivering the summons and Complaint to

its principal office.  Its attorneys, Timothy Newton and Nicole Espin at Constangy,

Brooks, Smith & Prophete, LLP filed an Answer to Plaintiff's Complaint on

February 24, 2023. [Doc. 6]

238.

Wal-Mart, Inc. has substantial ties to the state of Georgia and the Northern

District of Georgia given that they operate a business located in Georgia and

maintain and maintained offices at all relevant times hereto, conducting regular,

not isolated acts of business in Georgia and in the Northern District of Georgia.

239.

 Defendant was and is, at all times relevant to this action, an "employer"

within the meaning of FLSA, 29 U.S.C. § 204(d), an "enterprise" within the

meaning of FLSA, 29 U.S.C. § 204(r), and "engaged in commerce" within the

meaning of FLSA, 29 U.S.C. §§ 203(s)(1), 206, and 207.

240.

At all relevant times, Defendant has been and remains an "employer" within

the meaning of FLSA, 29 U.S.C. § 203(d) in that they acted "…directly or

indirectly in the interest of an employer in relation to an employee…" towards all

of the above-named Plaintiffs.

241.

As an employer who engages in commerce, Defendant is subject to the requirements of the FLSA, 29 U.S.C. §201 *et seq*.

242.

At all relevant times, Defendant has owned and operated a retail store and distribution center in multiple states, including Georgia and in multiple counties located in Georgia, engaging in interstate commerce and utilizing goods which moved in interstate commerce.

243.

During the relevant time period, the annual gross revenues of Defendant exceeded $500,000.00 per annum.

244.

Defendant was at all relevant times engaged in commerce as defined in 29 U.S.C. § 203(r) and § 203(s).

245.

Defendant constitutes an "enterprise" within the meaning of 29 U.S.C. § 203(r)(1), because it performed related activities through common control for a common business purpose.

246.

At relevant times, the enterprise engaged in commerce within the meaning of 29 U.S.C.§ 206(a) and § 207(a).

247.

At all times material herein, Plaintiffs have been entitled to the rights, protection and benefits provided under 29 U.S.C.§ 201, *et seq*.

248.

Defendant was at all relevant times aware of the existence and requirements to pay employees agreed upon wages and the employees who work longer than forty (40) hours in a single workweek, one and one half the employee's regular rate of pay for all hours worked within the workweek in excess of forty (40) hours.

249.

All actions by Defendant were willful and not the result of mistake or inadvertence.

250.

Defendant knew or should have known that the FLSA applied to the operation of business at all relevant times. Defendant knew of or should have been aware of previous litigation relating to wage and hour violations where the misclassification of managers under the FLSA was challenged.

251.

Despite being on notice of its violations, Defendant chose to continue to misclassify Plaintiffs and withhold overtime wages to each Plaintiff in an effort to enhance Defendant's profits.

252.

Defendant knew that managers such as Plaintiffs were employees that should be paid under the law and had simply chosen not to pay them in accordance with the law.

## FACTS

253.

Each Plaintiff is a former employee of Defendant.

254.

During their tenure with Defendant, each Plaintiff was denied overtime payment for those hours worked in excess of 40 hours in a workweek.

255.

Throughout their tenure, as employees, with Defendant, each Plaintiff held the title of "manager" the primary duties of which did not fall under any exemption of the FLSA.

256.

Defendant utilizes a centralized structure of management and employees, including managers work within the prescribed structure.

257.

Because of Defendant's centralized structure of management, throughout their employment with Defendant, none of the Plaintiffs ever directed the work of any of Defendants' full-time employees.

258.

Because of Defendant's centralized structure of management, Plaintiffs never had the authority to hire and fire any of Defendant's other employees.

259.

Because of Defendant's centralized structure of management, Plaintiffs never exercised discretion or independent judgment with respect to matters significant to Defendant.

260.

At all times relevant to this action, each Plaintiff was non-exempt from the overtime pay requirements as afforded by the FLSA, 29 U.S.C. §§201 *et seq.*

261.

According to information and belief, Defendant paid all Plaintiffs by direct

deposit.

262.

While employed, Plaintiffs' work schedule and duties were controlled by Defendant.

263.

Defendant failed to pay any of the Plaintiffs one and one-half times their regular rate of pay for the hours worked in excess of forty in any workweek.

264.

Defendant's unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiffs' employment violate the FLSA.

265.

As a result of Defendant's unlawful acts, omissions, and practices, Plaintiffs suffered a loss of wages.

266.

Defendant's willful violation of the FLSA shows reckless disregard of Plaintiffs' right to receive appropriate overtime compensation for their work with Defendant.

267.

Defendant owes each Plaintiff pay for work performed but not compensated

in an amount to be determined, plus liquidated damages in an equal amount, pursuant to 29 U.S.C. §216(b).

269.

Pursuant to Section 216(b) of the FLSA, Defendant owes Plaintiffs, for reasonable attorney's fees.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARD ACT (FLSA)**

269.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs of this Complaint as if set forth fully in this count.

270.

Upon hire, Plaintiffs and Defendant arrived at a rate of pay and intervals upon which payment was to be made by Defendant to Plaintiffs.

271.

Each Plaintiff was intentionally misclassified by Defendant as salary-exempt.

272.

Pursuant to 29 U.S.C. §213, Defendant was not exempted from paying any of the Plaintiffs' overtime wages.

273.

Defendant was required, in accordance with the FLSA, to pay one and one-half times Plaintiffs' regular rate of pay for hours worked that were over 40 hours in each workweek.

274.

Defendant intentionally failed to pay any of the Plaintiffs one and one-half times their regular rate of pay for each hour worked over forty (40) hours in a week.

275.

Given that Defendant has been in business for many years, employing thousands of employees, Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

276.

During each week that Plaintiffs worked more than forty (40) hours per week, they are owed the overtime premium that they have never been paid.

277.

Defendants' unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiffs' employment violate the FLSA.

278.

As a result of Defendant's unlawful acts, omissions, and practices, Plaintiffs

suffered a loss of wages, incurred damages, and significant financial loss.

279.

Defendant's willful violation of the FLSA shows reckless disregard of the

rights of Plaintiffs to receive appropriate overtime compensation for their work

with Defendant.

280.

By reason of its unlawful acts alleged herein, Defendant owes and is liable

to each Plaintiff pay for monetary damages in an amount to be determined, plus

liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

281.

Pursuant to Section 216(b) of the FLSA, Defendant owes each Plaintiff for

costs and reasonable attorney's fees as provided by the FLSA for all violations

which occurred at least three (3) years preceding the filing of Plaintiffs' initial

complaint.

282.

Alternatively, should the Court find that Defendant acted in good faith in

failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award

of prejudgment interest at the applicable legal rate.

## COUNT II

## <u>UNJUST ENRICHMENT</u>

### 283.

The allegations contained in each of the foregoing paragraphs are hereby incorporated by this reference as if set out herein.

### 284.

By working and by working overtime, performing their duties, each Plaintiff provided Defendant the valuable benefit of each Plaintiffs' services.

### 285.

By refusing to fully compensate each Plaintiff for the valuable services each provided, Defendant has been unjustly enriched and Defendant is liable to each Plaintiff on the theory of *quantum meruit*.

### 286.

The value of each Plaintiff's services is calculated as each Plaintiff's hourly rate for all hours worked that went unpaid.

## COUNT III

## <u>INTERFERENCE IN VIOLATION OF<br>29 U.S.C.§ 2615 (a)(1)  FAMILY MEDICAL LEAVE ACT ("FMLA")<br>OF PLAINTIFF GARY KIRK</u>

287.

Plaintiff Kirk incorporates preceding paragraphs 1through 8, and 15 through 23, as if stated herein for this claim for relief.

288.

In accordance with 29 U.S.C. § 2612 (a)(1)(D), an FMLA-eligible employee is entitled to 12 workweeks of leave during any 12-month period for a serious health condition that makes the employee unable to perform the functions of the position of such employee.

289.

Defendant employed the requisite number of employees, during the relevant period and was therefore responsible to abide by Employer's responsibilities under FMLA during Plaintiff's employment with Defendant to include providing up to 12 weeks of unpaid job-protected leave per year.

290.

At all times relevant to this action, Plaintiff was an FMLA-eligible employee of Defendant.

291.

In accordance with 29 U.S.C. § 2615 (a)(1), it is unlawful to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided

under this chapter.

292.

Use of FMLA rights was a motivating factor in the adverse employment action of termination suffered by Plaintiff Kirk.

293.

At the time of his termination, Plaintiff Kirk was using his FMLA leave and he was eligible for multiple weeks of FMLA leave. Plaintiff Kirk would have used the remaining weeks to recover from his serious illness on the recommendation of his doctor.

294.

While on his leave, Plaintiff Kirk was told by his supervisor to come to the business to pick up a present gifted him by the company.

295.

Plaintiff Kirk, at the insistence of his supervisor, came to the business to pick up the present while still on FMLA leave.

296.

Plaintiff Kirk was terminated by Defendant for the pretextual reason of "gross misconduct" stemming from the receipt of this gift.

297.

Defendant interfered with Plaintiff Kirk's use of his FMLA leave when Defendant terminated Plaintiff Kirk.

298.

As a result of this adverse employment action, Plaintiff Kirk's medical bills have gone unpaid due to his loss of insurance benefits previously provided by Defendant as a benefit for working there.

299.

As a result of Defendant's interference in Plaintiff Kirk's FMLA rights, Plaintiff Kirk suffered economic loss, loss of the benefits of employment, embarrassment, and humiliation.

300.

Plaintiff Kirk is entitled to seek damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to him by reason of violation of FMLA by Defendant. 29 U.S.C. § 2617.

301.

Plaintiff Kirk is entitled to reinstatement of his employment and benefits as an Environmental Health and Safety Operations Manager caused by Defendant's unlawful actions. 29 U.S.C. § 2614.

302.

Plaintiff Kirk is entitled to an award of interest on the amount of his wages, salary and benefits calculated at the prevailing rate. 29 U.S.C. § 2617.

303.

Plaintiff Kirk is entitled to an award of liquidated damages, reasonable attorney's fees and costs of this action. 29 U.S.C. § 2617.

## COUNT IV

## <u>RETALIATION UNDER FMLA OF PLAINTIFF GARY KIRK<br>A VIOLATION OF 29 U.S.C. § 2615(a)(1) and (2)</u>

304.

Plaintiff Kirk incorporates preceding paragraphs 1 through 8, 15 through 23, and 288 through 303 as if stated herein for this claim for relief.

305.

Plaintiff Kirk's FMLA leave was a motivating factor in the adverse employment action he suffered, termination, while on FMLA leave.

306.

Plaintiff Kirk is entitled to seek damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to him by reason of Defendant's violation of FMLA. (and liquidated damages) 29 U.S.C. § 2617.

307.

Plaintiff Kirk is entitled to reinstatement of his employment and benefits (or front pay) as an Environmental Health and Safety Operations Manager caused by Defendant's unlawful actions. 29 U.S.C. § 2614.

308.

Plaintiff Kirk is entitled to an award of interest on the amount of his wages, salary and benefits calculated at the prevailing rate. 29 U.S.C. § 2617.

309.

Plaintiff Kirk is entitled to an award of reasonable attorney's fees and costs of this action. 29 U.S.C. § 2617.

## COUNT V

### INTERFERENCE IN VIOLATION OF
### 29 U.S.C.§ 2615 (a)(1)  FAMILY MEDICAL LEAVE ACT ("FMLA")
### OF PLAINTIFF SHAVONTA KINARD

310.

Plaintiff Kinard incorporates preceding paragraphs 1through 8, and 157 through 166 as if stated herein for this claim for relief.

311.

In accordance with 29 U.S.C. § 2612 (a)(1)(D), an FMLA-eligible employee is entitled to 12 workweeks of leave during any 12-month period for a serious

health condition that makes the employee unable to perform the functions of the position of such employee.

312.

Defendant employed the requisite number of employees, during the relevant period and was therefore responsible to abide by Employer's responsibilities under FMLA during Plaintiff's employment with Defendant to include providing up to 12 weeks of unpaid job-protected leave per year.

313.

At all times relevant to this action, Plaintiff was an FMLA-eligible employee of Defendant.

314.

In accordance with 29 U.S.C. § 2615 (a)(1), it is unlawful to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under this chapter.

315.

Use of FMLA rights was a motivating factor in the adverse employment action of termination suffered by Plaintiff Kinard.

316.

At the time of her termination, Plaintiff Kinard was using her FMLA leave

and she was eligible for multiple weeks of FMLA leave. Plaintiff Kinard would have used the remaining weeks to recover from her serious illness on the recommendation of her doctor.

317.

Plaintiff Kinard was terminated by Defendant for the pretextual reason of "gross misconduct" stemming from the receipt of this gift.

318.

Defendant interfered with Plaintiff Kinard's use of her FMLA leave when Defendant terminated Plaintiff Kinard.

319.

As a result of this adverse employment action, Plaintiff Kinard's medical bills have gone unpaid due to her loss of insurance benefits previously provided by Defendant as a benefit for working there.

320.

As a result of Defendant's interference in Plaintiff Kinard's FMLA rights, Plaintiff Kinard suffered economic loss, loss of the benefits of employment, embarrassment, and humiliation.

321.

Plaintiff Kinard is entitled to seek damages equal to the amount of any

wages, salary, employment benefits, or other compensation denied or lost to her by reason of violation of FMLA by Defendant. 29 U.S.C. § 2617.

322.

Plaintiff Kinard is entitled to reinstatement of her employment and benefits as an Area Manager caused by Defendant's unlawful actions. 29 U.S.C. § 2614.

323.

Plaintiff Kinard is entitled to an award of interest on the amount of her wages, salary and benefits calculated at the prevailing rate. 29 U.S.C. § 2617.

324.

Plaintiff Kinard is entitled to an award of liquidated damages, reasonable attorney's fees and costs of this action. 29 U.S.C. § 2617.

## COUNT VI

## RETALIATION UNDER FMLA OF PLAINTIFF SHAVONTA KINARD A VIOLATION OF 29 U.S.C. § 2615(a)(1) and (2)

325.

Plaintiff Kinard incorporates preceding paragraphs 1 through 8, 157 through 166, and 311 through 324 as if stated herein for this claim for relief.

326.

Plaintiff Kinard's FMLA leave was a motivating factor in the adverse employment action she suffered, termination, while on FMLA leave.

327.

Plaintiff Kinard is entitled to seek damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to her by reason of Defendant's violation of FMLA (and liquidated damages) 29 U.S.C. § 2617.

328.

Plaintiff Kinard is entitled to reinstatement of her employment and benefits (or front pay) as an Area Manager caused by Defendant's unlawful actions. 29 U.S.C. § 2614.

329.

Plaintiff Kinard is entitled to an award of interest on the amount of her wages, salary and benefits calculated at the prevailing rate. 29 U.S.C. § 2617.

330.

Plaintiff Kinard is entitled to an award of reasonable attorney's fees and costs of this action. 29 U.S.C. § 2617.

## COUNT VII

## INTERFERENCE IN VIOLATION OF
## 29 U.S.C.§ 2615 (a)(1)  FAMILY MEDICAL LEAVE ACT ("FMLA")
## OF PLAINTIFF SABRINA HILL

331.

Plaintiff Hill incorporates preceding paragraphs 1 through 8, and 196 through 205 as if stated herein for this claim for relief.

332.

In accordance with 29 U.S.C. § 2612 (a)(1)(D), an FMLA-eligible employee is entitled to 12 workweeks of leave during any 12-month period for a serious health condition that makes the employee unable to perform the functions of the position of such employee.

333.

Defendant employed the requisite number of employees, during the relevant period and was therefore responsible to abide by Employer's responsibilities under FMLA during Plaintiff's employment with Defendant to include providing up to 12 weeks of unpaid job-protected leave per year.

334.

At all times relevant to this action, Plaintiff was an FMLA-eligible employee of Defendant.

335.

In accordance with 29 U.S.C. § 2615 (a)(1), it is unlawful to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under this chapter.

336.

Use of FMLA rights was a motivating factor in the adverse employment action of termination suffered by Plaintiff Hill.

337.

At the time of her termination, Plaintiff Hill was using her FMLA leave and she was eligible for multiple weeks of FMLA leave. Plaintiff Hill would have used the remaining weeks to recover from her serious illness on the recommendation of her doctor.

338.

Plaintiff Hill was terminated by Defendant for the pretextual reason of "gross misconduct" stemming from the receipt of this gift.

339.

Defendant interfered with Plaintiff Hill's use of her FMLA leave when Defendant terminated Plaintiff Hill.

340.

As a result of this adverse employment action, Plaintiff Hill's medical bills have gone unpaid due to her loss of insurance benefits previously provided by Defendant as a benefit for working there.

341.

As a result of Defendant's interference in Plaintiff Hill's FMLA rights, Plaintiff Hill suffered economic loss, loss of the benefits of employment, embarrassment, and humiliation.

342.

Plaintiff Hill is entitled to seek damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to her by reason of violation of FMLA by Defendant. 29 U.S.C. § 2617.

343.

Plaintiff Hill is entitled to reinstatement of her employment and benefits as a Quality Assurance Manager caused by Defendant's unlawful actions. 29 U.S.C. § 2614.

344.

Plaintiff Hill is entitled to an award of interest on the amount of her wages, salary and benefits calculated at the prevailing rate. 29 U.S.C. § 2617.

345.

Plaintiff Hill is entitled to an award of liquidated damages, reasonable attorney's fees and costs of this action. 29 U.S.C. § 2617.

## COUNT VIII

## <u>RETALIATION UNDER FMLA OF PLAINTIFF SABRINA HILL<br>A VIOLATION OF 29 U.S.C. § 2615(a)(1) and (2)</u>

346.

Plaintiff Hill incorporates preceding paragraphs 1 through 8, 196 through 205, and 332 through 345 as if stated herein for this claim for relief.

347.

Plaintiff Hill's FMLA leave was a motivating factor in the adverse employment action she suffered, termination, while on FMLA leave.

348.

Plaintiff Hill is entitled to seek damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to her by reason of Defendant's violation of FMLA (and liquidated damages) 29 U.S.C. § 2617.

349.

Plaintiff Hill is entitled to reinstatement of her employment and benefits (or front pay) as a Quality Assurance Manager caused by Defendant's unlawful actions. 29 U.S.C. § 2614.

350.

Plaintiff Hill is entitled to an award of interest on the amount of her wages, salary and benefits calculated at the prevailing rate. 29 U.S.C. § 2617.

351.

Plaintiff Hill is entitled to an award of reasonable attorney's fees and costs of this action. 29 U.S.C. § 2617.

## COUNT IX

## VIOLATIONS OF THE EQUAL PAY ACT OF 1963 AS AMENDED, 29 U.S.C. § 206(a)  FOR PLAINTIFF SHEKENA TALLEY

352.

Plaintiff Talley incorporates preceding paragraphs 1 through 14, as if stated herein for this claim for relief.

353.

Plaintiff Talley was hired as a Senior Business Partner with a starting salary of $55,000.00.

354.

Around the same time that Plaintiff Talley was hired, a male, Muamer Isic, who had similar experience and education was hired for the same role.

355.

Mr. Isic was given a starting salary of $100,000.00, almost double that of Plaintiff Talley.

356.

Defendants' actions were willful, deliberate, and intended to cause Plaintiff harm and/or were committed with reckless disregard of the harm caused to Plaintiff, in derogation of her federally protected rights including her right to Equal Protection under the law.

357.

Defendant's actions in paying lower wages to Plaintiff, a female, than those paid to the male performing the same job was and is willful and committed with reckless disregard for Plaintiff's rights to be free from discriminatory treatment on account of the Equal Pay Act.

358.

The effect of Defendant's above-stated actions has been to deprive Plaintiff of equal pay for equal work, in violation of the Equal Pay Act of 1963, 29 U.S.C § 206(d) and the Fair Labor Standards Act of 1928, 29 U.S.C. §§ 201 *et seq.*

359.

Plaintiff is entitled to actual damages for Defendant's violations of the Equal Pay Act.

360.

Plaintiff is entitled to liquidated damages for Defendant's violations of the

Equal Pay Act.

361.

Plaintiff has suffered and will continue to suffer emotional distress as a result of Defendant's actions.

362.

Therefore, Plaintiff is entitled to both equitable and monetary relief for Defendant's violations of the law.

**Prayer for Relief**

WHEREFORE, Plaintiffs respectfully pray that the Defendant be summoned to appear and answer herein, for orders as follows:

1. Take jurisdiction of this matter;

2. Grant trial by jury as to all matters properly triable to a jury;

3. Award nominal damages in the alternative;

4. Issue an Order holding Defendant to be an "employer" as that term is defined under the FLSA;

5. Issue a judgment declaring that each Plaintiff is an employee covered by the FLSA, and that Defendant has failed to comply with its obligations under the FLSA;

6. Issue an order finding that Defendant violated sections 215 and 216 of

67

the FLSA;

7. Award judgment in favor of each Plaintiff, against Defendant for unpaid overtime compensation together with liquidated damages in an equal amount;

8. Award each Plaintiff prejudgment interest from Defendant on all amounts owed to the extent that liquidated damages are not awarded;

9. Award each Plaintiff nominal damages;

10. Pursuant to Section 216(b) of the FLSA, judgment in favor of each Plaintiff against Defendant;

11. Judgment in favor of each Plaintiff, against Defendant for reasonable attorney fees;

12. Judgment in favor of each Plaintiff against Defendant for all taxable and non-taxable costs;

13. Pursuant to the Seventh Amendment of the United States Constitution and Rule 38, Fed. R. Civ. P., TRIAL BY JURY on all claims, on each Plaintiff on which a jury is available;

14. Award such other, further and different relief as this Court deems appropriate and proper including reinstatement for each Plaintiff and against Defendant.

15. Issue a declaratory judgment that Defendant's acts, policies, practices and procedures complained of herein violated Plaintiff Kirk's, Plaintiff Hill's, and Plaintiff Kinard's rights as secured under the Family Medical Leave Act ("FMLA");

16. Award Plaintiff Kirk, Plaintiff Hill and Plaintiff Kinard their lost wages plus liquidated damages, reinstatement or front pay, costs and attorney's fees as he/she is entitled for Defendants' violations of the FMLA;

17. Issue a declaratory judgment that Defendant's acts, policies, practices and procedures complained of herein violated Plaintiff Talley's rights as secured under the Equal Protection Act ("EPA"); and

18. Award Plaintiff Talley her wages, liquidated damages, equitable damages and damages for her emotional damages.

Respectfully submitted this 6th day of March, 2023.

_/s/ Beverly A. Lucas_
Beverly A. Lucas
Georgia Bar No. 427692
**LUCAS & LEON, LLC**
P.O. Box 752
Clarkesville, Georgia 30523
beverly@lucasandleon.com

_Attorney for Plaintiffs_

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| **MARIA SIMMONS, THANH LE, TIMOTHY BALDWIN, LORIECELLE BONNEY, SHEKENA TALLEY, GARY KIRK, SHALON RENAUD, THOMAS DRISCOLL, KENDRA RUSSELL, KEITH RICHARDS, TOM MOELLER, THERON ECKWOOD, FELICIA MCKENSIE, CHARLENE CRUMP, KEITH BRADLEY, DARIUS BAKER, BRYAN ARNOLD, RODNEY TAYLOR, JACQUES BAYA, SHAVONTA KINARD, DAVID COLLIER, JUAN ROSADO, STEPHEN WILSON, COREY ADAMS, SABRINA HILL, JACQUELYN JONES, ANGELIQUE MCLEOD, RICK BUTTS, IESHA PRATHER, TIMOTHY DUGGER,CHANTA SWINT, AMANDA TYREE, KAREN MURPHY (COOPER), STEPHANIE SMITH, and MALIK FRANKLIN** | **CIVIL ACTION NO.:**<br><br>**2:23-cv-00015-SCJ**<br><br>**JURY TRIAL DEMANDED** |
| Plaintiffs, | |
| v. | |
| **WAL-MART ASSOCIATES, INC.,** | |
| Defendant. | |

## <u>CERTIFICATE OF FONT COMPLIANCE</u>
## <u>REQUIRED BY LOCAL RULE 7.1D AND SERVICE</u>

In accordance with Local Rule 7.1D, I hereby certify that the foregoing was prepared with one of the font and point selections approved by the Court in Local Rule 5.1B. Specifically, it was prepared with Times New Roman, 14 point.

This is to certify that I electronically filed this **Plaintiff's First Amended Complaint** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Alyssa K. Peters
Sarah M. Phaff
Constangy, Brooks, Smith & Prophete, LLP
P.O. Box 1975
Macon, Georgia 30303-1557

This 6th day of March 2023

BY: <u>/s/*Beverly A. Lucas*</u>
BEVERLY A. LUCAS
GA State Bar No. 427692
Beverly@lucasandleon.com
 Post Office Box 752
Clarkesville, Georgia 30523
Telephone: 706-754-2001
Fax: 706-754-8085