# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| **MARIA SIMMONS, et. al.,** | **CIVIL ACTION NO.:** <br> **2:23-CV-00015-SCJ** |
| Plaintiffs, | |
| v. | |
| **WAL-MART ASSOCIATES INC.,** | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO SEVER PURSUANT TO FED. R. CIV. P. 21**

9366466v1

# **TABLE OF AUTHORITIES**

**page**

<u>Cases</u>
Alexander v. Fulton,
    207 F.3d 1303 (11th Cir. 2000)…………………………………………...7

Andrearacchio v. Beech Nut Corp.,
    1995 WL 27138 (E.D. Pa. Jan 18, 1995) …………………………………...8

Barber v. America's Wholesale Lender,
    289 F.R.D. 364 (M.D. Fla. 2013) …………………………………………...6

Essex Ins. Co. v. Kart Constr., Inc.,
    2015 WL 628782 (M.D. Fla. Feb. 12, 2015) ……………………………….6

Gonzalzez Batmasian,
    320 F.Rd 480 (S.D. Fla. 2017) ……………………………………………11

Grayson v. K-Mart Corp.,
    849 F. Supp. 785 (N.D. Ga. 1994) ………………………………………….8

Hicks v. Mercedes-Benz U.S. International, Inc.,
    2012 WL 13024730 (N.D. Ala 2012) ………………………………….7, 8, 9

In re Stand 'n Seal v. Roanoke Companies Group, Inc.,
    2009 WL 2224185 (N.D. Ga. July 21, 2009) ……………………………….5

Lasseter v. Restaurant Deliver Developers,
    2018 WL 4091987 (M.D. Fla. 2018) ……………………………………...11

Manders v. Lee,
    338 F.3d 1304 (11th Cir. 2003) ……………………………………………7

Mayfield v. Shelley's Electrical Service, Inc.,
    582 F. Supp. 3d 1103 (N.D. Ala. 2022) ………………………………...6, 10

Morgan v. Family Dollar Stores,
    551, F.3d 1223 (11th Cir. 2008) …………………………………………….9

Smith v. Planned Parenthood of St. Louis Region,
    225 F.R.D. 233 (E.D. Mo. 2004) …………….……….…….………………8

Statutes

Equal Pay Act, 29 U.S.C. § 206(d) ………………………………………….......1

Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* …………………….…..*passim*

Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.* ………………………1

Regulations

29 C.F.R. 541………………………………………….........................9, 10

Rules

Fed. R. Civ. P. 20…………………………………………..............................6

Fed. R. Civ. P. 21…………………………………………..............................5

Other Resources

Dep't of Labor, FIELD OPERATION HANDBOOK, Revision 771, Chapter 22,
    https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/FOH_Ch22.pdf
    (last accessed March 27, 2023) …………………………………………..9

# **TABLE OF CONTENTS**

**page**

PRELIMINARY STATEMENT ................................................................................1

PROCEDURAL HISTORY......................................................................................2

STATEMENT OF FACTS .......................................................................................2

LEGAL ARGUMENT..............................................................................................5

   I.   Plaintiffs' Claims are Improperly Joined Under Rule 20.................................6

      A.   Plaintiffs' Claims Do Not Arise Out of the Same Transaction, Occurrence or Series of Transactions or Occurrences.........................................6

      B.   There is No Question of Law or Fact Common to Plaintiffs' Claims. .......8

   II.   The Claims Should Be Severed to Promote Settlement and Judicial Economy and to Avoid Prejudice and Confusion. ...............................................10

CONCLUSION.................................................................................................13

## PRELIMINARY STATEMENT

This case involves seventy-seven (77) separate and distinct causes of action brought by thirty-five (35) individual Plaintiffs. Plaintiffs assert overtime violations under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and for common law unjust enrichment, claiming that each of their approximately 20 different management positions were all misclassified as exempt. Additionally, several Plaintiffs have attempted to add on further unrelated individual claims: Plaintiff Shekena Talley alleges pay discrimination under the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA") (Dkt. 9 Count IX); and Plaintiffs Gary Kirk, Shavonta Kinard and Sabrina Hill bring claims for interference and retaliation under the Family and Medical Leave Act, 29 U.S.C. §§ 2601, et seq. ("FMLA"). (Dkt. 9 Counts III-VIII).

As Plaintiffs' claims are individualized and unrelated, Plaintiffs were improperly joined into a single action, and severance is appropriate. For these reasons, as set forth in detail below, Defendant Wal-Mart Associates, Inc. ("Walmart") respectfully requests that the Court sever Plaintiffs' claims, dropping and dismissing all Plaintiffs, except Maria Simmons, without prejudice to file separate individual actions.

## PROCEDURAL HISTORY

This action was originally filed on January 25, 2023, identifying seven (7) plaintiffs. (Dkt. 1). Walmart timely filed its Answer to Plaintiffs' Complaint on February 24, 2023. (Dkt. 6).

On March 6, 2023, Plaintiffs filed a 72-page First Amended Complaint, which contains 362 paragraphs, and includes 28 additional plaintiffs. (Dkt. 9). Walmart's initial deadline to respond to the First Amended Complaint ("Compl.") was March 20, 2023, however, on March 8, 2023 Walmart filed a Consent Motion for an Extension of Time to Answer, which was granted by this Court. (Dkts. 10 and 11). As such, Walmart's deadline to answer, move, or otherwise respond is April 10, 2023.[1]

## STATEMENT OF FACTS[2]

Plaintiffs worked for Walmart over different time periods, ranging from one year to twenty-seven years, from different locations, and held different management

---

[1] Walmart is filing a Motion to Stay contemporaneous with this Motion.

[2] For purposes of this Motion to Sever only, Walmart will rely on the facts alleged in Plaintiffs' First Amended Complaint and this should not be deemed an admission by Walmart to any fact.

2

positions.[3] (Dkt. 9). Plaintiff Maria Simmons was a Transportation Operations Manager and worked for Walmart for approximately 17 years. (Dkt. 9 ¶¶ 25-26). Plaintiffs Shekena Talley and Shalon Renaud held HR Business Partner positions and worked for 5 years and 1 year respectively. (Dkt. 9 ¶¶ 10-11, 49-50). Plaintiff Shekena Talley also alleges that she was originally hired as a Senior Business Partner and was paid less than a male employee who allegedly made more money for the same position. (Dkt. 9 ¶¶ 353-355). Plaintiff Gary Kirk worked for 1.5 years and was the only plaintiff to hold the position of Environmental Health and Safety Operations Manager. (Dkt. 9 ¶¶ 16, 20). Plaintiff Kirk also alleges he was terminated in violation of the Family Medical Leave Act. (Dkt. 9 ¶¶ 288-309). Plaintiff Loriecelle Bonney worked for 3 years and was the only plaintiff to hold the position of Continuous Skills Development Manager. (Dkt. 9 ¶¶ 31-32). Plaintiff Timothy Baldwin worked for 1 year and was the only plaintiff to hold the position of Operations Maintenance Manager. (Dkt. 9 ¶¶ 37-38). Plaintiffs Thanh Le, Kendra Russell, Theron Eckwood, Felicia McKenzie, Darius Baker, Rick Butts, Rodney

---

[3] Some of the Plaintiffs are alleged to have worked remotely (*see e.g.*, Dkt. 9, ¶¶ 92, 98, 104, 116), while others are not alleged to have worked remotely. (*see e.g.*, Dkt. 9, ¶¶ 86, 110, 122). Of the 35 Plaintiffs, one resides in Florida, one resides in North Carolina, with the remainder of the Plaintiffs being spread across Georgia and its various districts/divisions. (Dkt. 9 ¶¶ 2, 42, 91).

Taylor, Shavonta Kinard, David Collier, Juan Rosado, Jacquelyn Jones, Stephanie Smith, Thomas Driscoll, and Malik Franklin were Area Managers, all of whom worked for different lengths of time from different locations. (Dkt. 9 ¶¶ 42-44, 55-57, 73-75, 79-81, 97-99, 115-117, 145-147, 157-159, 167-169, 173-175, 206-208, 212-214, 218-220, 230-232.) Plaintiff Kinard also alleges she was terminated in violation of the Family Medical Leave Act. (Dkt. 9 ¶¶ 311-330). Plaintiff Keith Richards worked for 1 year and is the only plaintiff that worked as an Operations Manager. (Dkt. 9 ¶¶ 62-63). Plaintiff Tom Moeller worked for 4 years and is the only plaintiff that worked as a Traffic Manager. (Dkt. 9 ¶¶ 68-69). Plaintiff Charlene Crump worked for 1 year and is the only plaintiff who worked as an Area Floor Manager. (Dkt. 9 ¶¶ 86-87). Plaintiff Keith Bradley worked for 3 years and is the only plaintiff who worked as a Systems Area Manager. (Dkt. 9 ¶¶ 92-93). Plaintiff Bryan Arnold worked for 4 years and is the only plaintiff who worked as an Inbound Operations Manager. (Dkt. 9 ¶¶ 104-105). Plaintiff Angelique McLeod worked for 6 years and is the only Plaintiff who worked as an AP Associate. (Dkt. 9 ¶¶ 110-111). Plaintiff Iesha Prather worked for 6 years and is the only plaintiff who worked as an EHS Area Manager. (Dkt. 9 ¶¶ 122-123). Plaintiff Timothy Dugger worked for 2 years and is the only plaintiff who worked as an Operations Manager Outbound. (Dkt. 9 ¶¶ 128-129). Plaintiff Chanta Swint worked for 2 years and is the only

4

plaintiff who worked as an Area Flow Manager. (Dkt. 9 ¶¶ 134-135). Plaintiff Amanda Tyree worked for 4 years and is the only plaintiff who worked as Project Manager II. (Dkt. 9 ¶¶ 140-141). Plaintiff Jacques Baya worked for 1 year and is the only plaintiff who worked as an Outbound Area Manager. (Dkt. 9 ¶¶ 152-153). Plaintiff Stephen Wilson worked for 5 years and is the only plaintiff who worked as a Maintenance Area Manager. (Dkt. 9 ¶¶ 180-181). Plaintiff Corey Adams worked for 2 years and is the only plaintiff who worked as an Inbound Area Manager. (Dkt. 9 ¶¶ 191-192). Plaintiff Sabrina Hill worked for 7 years and is the only plaintiff who worked as a Quality Assurance Manager. (Dkt. 9 ¶¶ 197-198). Plaintiff Hill also alleges she was terminated in violation of the Family Medical Leave Act. (Dkt. 9 ¶¶ 332-351). Plaintiff Karen Murphy worked for 4 years and is the only plaintiff who worked as an Area Business Manager. (Dkt. 9 ¶¶ 225-226).

## LEGAL ARGUMENT

Plaintiffs' ability to sue together is a matter of procedure and not a substantive right and is therefore subject to this Court's discretion. *See In re Stand 'n Seal v. Roanoke Companies Group, Inc.*, 2009 WL 2224185, at *1 (N.D. Ga. July 21, 2009). Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. The Court has discretion to grant

severance where either (1) the claims are improperly joined under Fed. R. Civ. P. 20; or (2) other factors justify severance such as "considerations of judicial economy, case management, prejudice to parties, and fundamental fairness." Fed. R. Civ. P. 21; *See also, e.g.*, *Mayfield v. Shelley's Electrical Service, Inc.*, 582 F. Supp. 3d 1103, 1113 (N.D. Ala. 2022) (quoting *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 368 (M.D. Fla. 2013)); *Essex Ins. Co. v. Kart Constr., Inc.*, 2015 WL 628782, at *5–7 (M.D. Fla. Feb. 12, 2015) (noting that severance is not limited to curing misjoinder). Here, severance is appropriate under either basis.

## I.     Plaintiffs' Claims are Improperly Joined Under Rule 20

The Federal Rules of Civil Procedure *permit* plaintiffs to sue together only where the following conditions are met:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences, **and**
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1) (emphasis added).

### A.     Plaintiffs' Claims Do Not Arise Out of the Same Transaction, Occurrence or Series of Transactions or Occurrences.

To determine whether multiple claims arise from the same transaction or occurrence, courts look at whether a "logical relationship" exists between the claims.

6

*Alexander v. Fulton*, 207 F.3d 1303, 1324 (11th Cir. 2000), overruled on other grounds as stated in *Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003). Based on Plaintiffs' First Amended Complaint, the only commonality shared by the Plaintiffs is that, at some point of time, they all worked in exempt management positions for Walmart. (Dkt. 9). Generally, such claims are not well suited for joinder, as they require a highly individualized, fact-intensive analysis, even where all of the plaintiffs worked in the same position. Here, joinder is even less appropriate because Plaintiffs held numerous, differing positions and worked at different times. Moreover, *different* Plaintiffs may be exempt from overtime under *different* FLSA exemptions including the executive, administrative and/or highly compensated employee exemptions, each of which requires separate analyses and factual issues. The fact that each Plaintiff is challenging their exemption status under the FLSA is insufficient to meet this test because Plaintiffs were employed at different times, in different positions, with different job duties, reported to different individuals and had different subordinates.

In a highly analogous case, *Hicks v. Mercedes-Benz U.S. International, Inc.* 2012 WL 13024730 (N.D. Ala 2012), the court rejected the plaintiffs' argument that the classification of all employees with the same title ("Group Leader") as exempt under the FLSA constituted the same transaction or occurrence where "the various

Plaintiffs were employed at different times, in different departments, with different supervisors and subordinates." *Id.* at *2. Unlike in *Hicks,* where the plaintiffs all held the same position as "Group Leaders," Plaintiffs in this matter held many diverse positions. The first named plaintiff here, Maria Simmons, was a Transportation Operations Manager. (Dkt. 9 ¶ 26). <u>None</u> of the other 34 Plaintiffs held that same position. Instead, Plaintiffs were employed in over 20 different positions. Determining exempt status in the present matter will require a more in-depth individualized analysis than was required in *Hicks*. It is therefore all the more evident that the decisions to classify Plaintiffs as exempt were separate and distinct and did not constitute the same transaction or occurrence.

**B.     There is No Question of Law or Fact Common to Plaintiffs' Claims.**

The fact that claims arise under the same law does not establish the existence of a common question. *Smith v. Planned Parenthood of St. Louis Region*, 225 F.R.D. 233, 246 (E.D. Mo. 2004); *see also Grayson v. K-Mart Corp.*, 849 F. Supp. 785 (N.D. Ga. 1994) (severing claims of eleven managers each alleging discrimination relating to their demotions). A common question exists where "the facts surrounding each Plaintiff's claims are substantially the same so that proof as to one claim would be proof as to all." *Andrearacchio v. Beech Nut Corp.*, 1995 WL 27138 (E.D. Pa. Jan 18, 1995). No such common question exists here. Rather, the nature of Plaintiffs'

claims (i.e., that their primary duties did not fall under any FLSA exemption) requires a highly individualized, fact-intensive inquiry into each Plaintiff's job duties to determine whether they were properly exempt as executive, administrative, or highly compensated employees. *See* 29 C.F.R. 541.

As the court noted when severing the plaintiffs' FLSA claims in *Hicks*, "the question of whether an employee's primary duty is management is a highly factual determination [that] 'must be based on all the facts in a particular case.'" *Id.* at *2 (quoting *Morgan v. Family Dollar Stores*, 551, F.3d 1223, 1267 (11th Cir. 2008). The individualized nature of this analysis is highlighted in the Department of Labor's Field Operation Handbook, which explains that "[e]ach workweek constitutes a separate exemption period . . . an employee who is exempt in one workweek might not be exempt in the next."[4]

Here, as in *Hicks*, because Plaintiffs worked at different times, each claim will require discovery regarding different decision makers, different duties and policies. 2012 WL 13024730, at *2. Further, unlike in *Hicks*, where the defendants argued that all plaintiffs fell under the executive exemption because their primary duty was

---

[4] Dep't of Labor, FIELD OPERATION HANDBOOK, Revision 771, Chapter 22, https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/FOH_Ch22.pdf (last accessed March 27, 2023).

management, these Plaintiffs worked in different positions and could fall into *different* exempt categories including the executive, administrative, and highly compensated employee exemptions. *See* 29 C.F.R. 541.

Furthermore, unlike Plaintiffs Talley, Kirk, Kinard and Hill, the first named Plaintiff, Maria Simmons, has no claim alleging violations of the EPA or FMLA. Indeed, she does not even allege she was on medical leave or paid differently than another male employee.

## II. The Claims Should Be Severed to Promote Settlement and Judicial Economy and to Avoid Prejudice and Confusion.

Courts have broad discretion to sever even properly joined claims based on "considerations of judicial economy, case management, prejudice to parties, and fundamental fairness." *See, e.g.*, *Mayfield*, 582 F. Supp. 3d at 1113 (citations omitted).

Severance of these claims promotes settlement of individual claims, avoids the prejudice to Walmart that the mere existence of other claims may be used to infer merit to those claims, reduces the burden on the parties allowing dismissal of some Plaintiffs through limited discovery, promotes judicial economy because each Plaintiff will require separate evidence (both documents and witnesses), avoids jury confusion, and avoids inconvenience of the parties as Plaintiffs reside in different

locations[5]. Plaintiffs will not be prejudiced by severing the claims, but Walmart would be prejudiced by permitting the claims to proceed as one. The high volume of plaintiffs presents a clear risk of confusion. *See Lasseter v. Restaurant Deliver Developers*, 2018 WL 4091987, at *3 (M.D. Fla. 2018) (finding that unlike in *Gonzalzez v. Batmasian*, 320 F.Rd 480 (S.D. Fla. 2017), where a motion to sever two FLSA plaintiffs was denied, permitting 126 plaintiffs to jointly pursue individual FLSA claims would create a risk of confusion). A fact finder is likely to improperly impute evidence that supports one of the Plaintiff's claims against Walmart as to claims by other Plaintiffs. Further, because two Plaintiffs, Shekena Talley and Shalon Renaud, worked in Human Resources (Dkt. 9 ¶¶ 11, 50), their testimony may be required to adjudicate the claims by the other Plaintiffs, presenting a further risk of prejudice and confusion.

Severing Plaintiffs' claims would also promote and simplify settlement possibilities and preserve judicial resources.[6] Here, the 35 Plaintiffs have highly

---

[5] Noted above, of the 35 Plaintiffs, one resides in Florida, one resides in North Carolina, with the remainder of the Plaintiffs being spread across Georgia and its various districts/divisions. (Dkt. 9 ¶¶ 2, 42, 91).

[6] This is especially the case here in regard to the FLSA claims, all of which would have potentially different settlement values depending on the defenses and compensable working time of each individual Plaintiff, and the fact that settlement of an FLSA claim requires judicial approval and individualized scrutiny.

individualized claims that are more properly separated so that discovery and settlement discussions, which will differ vastly from plaintiff to plaintiff, can proceed on an individualized basis.[7] Plaintiffs have chosen not to seek certification of a representative action, but have instead only brought their claims individually on their own behalf. Unlike in representative actions which contain well established case management mechanisms and safeguards (both procedural/discovery and evidentiary issues) throughout the life of the suit (i.e., certification/decertification procedures, allowance for representative testimony and evidence, representative authority for bulk settlement/mediation and opt-out procedures), each individual plaintiff will need to be deposed,[8] and evidence gathered as to each Plaintiff's differing job duties, and compensable working time in the event of misclassification. Further, for Plaintiff Kirk, Kinnard and Hill, discovery will be needed on medical conditions, FMLA eligibility and procedures/process, as well as job performance,

---

[7] Indeed, attempting to schedule a mediation with 35 individual plaintiffs all at the same time and location would be challenging. Further, piece meal settlement is often unrealistic for a defendant because the factors weighing in favor of settlement (i.e., finality, avoidance of defense costs, and cutting off the accrual of plaintiffs' attorney's fees in FLSA cases) virtually disappear if the case is not settled and dismissed in its entirety.

[8] As this case has 35 Plaintiffs, the general discovery limitation of 10 depositions per side would need to be expanded if this case continued as one action.

termination and mitigation; all of which are topics of discovery generally outside of and wholly irrelevant to FLSA cases.

Accordingly, in the interest of justice, Walmart requests that the Court sever Plaintiffs' Claims.

## **CONCLUSION**

For the foregoing reasons, Walmart respectfully requests that the Court sever this action, dropping and dismissing all plaintiffs but the first-named Plaintiff, Maria Simmons.

Respectfully submitted this 3rd day of April 2023,

                        CONSTANGY, BROOKS, SMITH
                        & PROPHETE, LLP

                        /s/ Sarah M. Phaff
                        SARAH M. PHAFF
                        Georgia Bar No. 140626

Suite 2400
230 Peachtree Street, N.W.
Atlanta, Georgia 30303-1557
Telephone: (404) 525-8622
Facsimile: (404) 525-6955
sphaff@constangy.com

                        /s/ Alyssa K. Peters
                        ALYSSA K. PETERS
                        Georgia Bar No. 455211

577 Mulberry St., Suite 710
P.O. Box 1975
Macon, GA 31202-1975

(478) 750-8600
apeters@constangy.com
**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO SEVER PURSUANT TO FED. R. CIV. P. 21 with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to all attorneys of record.

This 3rd day of April, 2023.

                                          CONSTANGY, BROOKS, SMITH
                                          & PROPHETE, LLP

                                          /s/ Sarah M. Phaff
                                          SARAH M. PHAFF
                                          Georgia Bar No. 140626

Suite 2400
230 Peachtree Street, N.W.
Atlanta, Georgia 30303-1557
Telephone: (404) 525-8622
Facsimile: (404) 525-6955
sphaff@constangy.com