UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| **MARIA SIMMONS, et al,** | |
| Plaintiffs, | **CIVIL ACTION NO.:** |
| v. | |
| **WAL-MART ASSOCIATES, INC.,** | **2:23-cv-00015-SCJ** |
| Defendant. | **JURY TRIAL DEMANDED** |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SEVER AND MEMORANDUM IN SUPPORT

COME NOW Plaintiffs, ("Plaintiffs"), by and through undersigned counsel, responding in opposition to DEFENDANT'S MOTION TO SEVER AND MEMORANDUM IN SUPPORT, pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure by filing this, PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SEVER showing as follows:

## I.   INTRODUCTION

The original complaint, in this action containing the claims of seven plaintiffs was filed on January 25, 2023 which Defendant timely answered. Plaintiffs added additional Plaintiffs by filing their First Amended Complaint on March 6, 2023.  Defendants filed a Consent Motion to extend the deadline to file

their Answer to the Amended Complaint and the Court granted Defendant's

motion. On March 9, 2023, the parties held their Rule 26(f) conference and

subsequently filed the Joint Preliminary Report and Discovery Plan with the Court

on March 27, 2023. Defendant filed its Motion and Memorandum in Support to

Sever the claims of the Plaintiffs in this case, pursuant to Fed. R. Civ. P. 20 and 21.

In addition, Defendant filed its Motion to Stay the case until such time that the

Court makes its decision regarding the aforementioned Defendant's Motion to

Sever. The Court granted the Stay.  Plaintiffs file this Response in Opposition to

Defendant's Motion to Sever as follows:

## II.    <u>ARGUMENT AND CITATION OF AUTHORITY</u>

"*The purpose of Rule 20(a) is to address 'the broadest possible scope of*

*action consistent with fairness to the parties; joinder of claims, parties and*

*remedies is strongly encouraged.*" <u>United Mine Workers of America v. Gibbs</u>, 383

U.S. 715, 724 86 S.Ct. 1130, 16 LE.d2d 218 (1966). *"The district court has broad*

*discretion to join parties or not and that decision will not be overturned as long as*

*it falls within the district court's range of choices.*" <u>Swan v. Ray</u>, 293 F.3d 1252,

1253 (11th Cir. 2002).  *"The rule should be construed liberally 'to foster judicial*

*economy and avoid multiplicity of litigation.*" <u>Hercules Inc. v. Dynamic Export</u>

<u>Corp.</u>, 71 F.R.D. 101, 106 (S.D.N.Y. 1976) *Joinder is proper if 1) a right to relief*

*is asserted by or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and 2) some question of law or fact common to all parties arise in the action.* Mosley v. General Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974).

*"When assessing whether the requirements of Rule 20(a) are satisfied, the factual allegations in a plaintiff's complaint must be accepted as true."* Deskovic v. City of Peekskill, 673 F.Supp.2d 154, 159 (S.D.N.Y. 2009).

**A. Plaintiffs' claims arise from the same transaction or occurrence**

*"Rule 20(a) permits joinder of claims arising out of 'the same transaction or occurrence, or series of transactions or occurrences.'"* Barber v. America's Wholesale Lender, 289 F.R.D. 364 (M.D. Fla. 2013) citing Alexander v. Fulton Cnty., Ga., 207 F.3d 1303, 1303 (11th Cir. 2000).

In order to assess whether a plaintiff's claims relate to or arise out of the same transaction or occurrence, or series of transactions or occurrences, the court uses a case-by-case approach to determine whether a factual situation constitutes a single transaction or occurrence for purposes of Rule 20. Mosley v. General Motors Corp, F.2d at 1333. *"No hard and fast rules have been established under the rule."* Id. *"In the context of Rule 20(a), the Eighth Circuit stated that '[t]ransaction is a word of flexible meaning. It may comprehend a series of many*

3

*occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship."* Id. Mosley, (in the Eighth Circuit) for example, concluded that ten employment discrimination plaintiffs met the same transaction or occurrence requirement because they each alleged injury as a result of the same general company-wide policy of discrimination against African-Americans on the part of their employer. Id. at 1334. *(overruled for other factors).*

*"In determining whether claims arise from the same series of transactions or occurrences, the logical relationship test is applied."* Barber v. America's Wholesale Lender, 289 F.R.D. 364, 367 (M.D. Fla. 2013). *"Under this test, a logical relationship exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim."* Id. *"In other words, 'there is a logical relationship when the same operative facts serve as the basis of both claims.'"* Id. (*citing* Republic Health v. Lifemark Hosps. Of Fla., 755 F.2d 1453, 1455 (11th Cir. 1985)). *"[O]nly claims that do not arise from common operative facts are not logically related."* Montgomery Ward Development Corp. v. Juster, 932 F.2d 1378 1381 n. 1 (11th Cir. 1991). *"The logical relationship standard is a 'loose' one which permits a broad realistic interpretation in the interest of avoiding a multiplicity of suits."* Plant v. Blazer Financial Services, 598 F.2d 1357, 1361 (5th Cir. 1979).

*"For the commonality element, 'only [] some question[s] of law or fact [need] be common to all parties.'"* <u>Gonzalez v. Batmasian</u>, 320 F.R.D. 590, 581 (S.D. Fla. 2017). The <u>Gonzalez</u> court found that *"Both Plaintiffs' claims arise from their employment with Defendants, in which Defendants allegedly failed to pay them overtime, yet insisted they work more than 40 hours per week."* <u>Id</u>.

As in <u>Gonzalez v. Batmasian</u>, this case shares a commonality in that all Plaintiffs share law or fact common to all parties. All Plaintiffs' claims arise from their employment with Defendant, in which Defendant failed to pay them overtime while insisting that Plaintiffs work more than 40 hours per week.

A district court in the Fifth Circuit opined that *" judicial economy is served by allowing Plaintiffs' claims to proceed together, because the claims "rely on many of the same witnesses and actions which occurred on the same dates and in the same places by the same decision makers;"* <u>Horne v. Tex. Dep't of Transp.</u>, No. 4:19-CV-405-KPJ, at *5 (E.D. Tex. Oct. 28, 2019).

Here, Plaintiffs also share a logical relationship and common questions of law and fact.  Plaintiffs must establish that Defendant is an "Employer" as defined by the FLSA and that Plaintiffs were "employee(s)" as defined by the FLSA. Like the plaintiffs in <u>Hicks</u>, Plaintiffs here share a commonality in that each had the same or very similar jobs.  <u>Hicks v. Mercedes-Benz U.S. International, Inc.</u>, 877 F.

1161 (N.D. Ala. 2012). Each were a type of an "Area Manager." The title assigned to each Plaintiff depended on the area in which the Plaintiff was entrusted to manage. (i.e. Outbound Manager, Traffic Manager, Area Manager, Area Floor Manager, etc. actually have the same or similar responsibilities) However, each Plaintiff attended the same managers' meetings. Each received the same communications from the same superiors. Defendant required each Plaintiff to undergo the same base training as to the computer system. Although a few Plaintiffs worked remotely, all managers worked in/from the same building. Even Le who Defendant points out now lives in Florida, reported to the same building during the relevant time period. And Keith Bradley who moved from North Carolina to Georgia when he took the job which is the subject of this action, moved back to North Carolina when Defendant terminated him. While Plaintiffs lived in different cities around Georgia, the proper Federal District and Division in which to file a lawsuit is dependent upon the location of the defendant. Here, Defendant resides in pretty much every district and division in Georgia. All Plaintiffs reported to the same Assistant General Manager and General Manager. All Plaintiffs were terminated at the same time and for the same pretextual reason. Most importantly, Defendant employs a centralized system of management. All policies, in every Defendant location, are uniform across the company promulgated

6

by Defendant's central office located in Bentonville, Arkansas. The building where all of the Plaintiffs worked in or from was no exception to this centralized system of management.

This is unlike the case (mentioned in Defendant's Motion to Sever) of Smith v. Planned Parenthood of St Louis Region, 225 F.R.D 233 (E.D. Mo. 2004) where the Plaintiffs were two different pregnant women at different times. Each pregnancy and the facts surrounding the medical malpractice suffered by the patients/plaintiffs were distinctly different. As the court pointed out, the cases arose from two entirely different sets of facts and different dates of occurrence. Id.

Defendant, in its memorandum, compares Lasseter v. Rest. Delivery Developers, LLC, another case that is not analogous to our case here. Case No.: 8:18-cv-1912 (M.D. Fla. Aug. 28, 2018). In Lasseter, the court considered whether the plaintiffs' claims should be tried together as a collective action in FLSA. The court severed plaintiffs' claims for reasons that are not present in this case. Issues to be decided in the Lasseter case included whether or not the plaintiffs were independent contractors. And the court stated that such an inquiry was not appropriately handled in a collective action. The court ultimately determined that the plaintiffs' claims did not arise from the same transaction, occurrence or series of transactions or occurrences because each individual worker was employed at

different times and labored under different supervisors. Id.

In Johnson v. Kraft Foods North America, Inc., the court found that the plaintiffs were "under the authority of the same Regional Vice-President. Case No.: 05-2093 (U.S. Distr. Ct. D. Kansas, Apr. 3, 2006). *"The dates of employment overlap and the allegations of discrimination follow a similar pattern." "Although only Plaintiff was fired for his charges of discrimination, both Plaintiff and the proposed plaintiffs claim that they were denied promotions, pay raises, or training opportunities in favor of Caucasian co-workers."* The Johnson v. Kraft Foods North America, Inc. court went on to state*, "Simply put, the factual allegations indicate that the claims do in fact arise out of the same transactions or occurrences and share common questions of law or fact."* Id.

The Eleventh Circuit weighed in on the issue of joinder in Grayson v. K-Mart Corp., 79 F.3d 1086 (11th Cir. 1996) where the court granted the motion to permit joinder of 5 store managers claiming age discrimination and set the stage for additional plaintiffs to opt-in to the action. The court stated that *"The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same discriminatory activity."* Hoffman-La Roche, Inc., v. Sperling, 493.S. 165, 170 (1989).

In this case, all Plaintiffs worked together for at least a portion of the

relevant time period and were all terminated at the same time, for the same pretextual reason. All Plaintiffs were misclassified under the FLSA.  All Plaintiffs worked in or from the same location and building.  And they all worked under the same implementation of Defendant's policies by the same Assistant General Manager and General Manager. And as above, unlike the defendant in Lasseter, all Plaintiffs worked under Defendant's centralized management system that practiced the same policies and procedures.  Deviating from Defendant's policies and procedures required authorization from the corporate office in Bentonville, Arkansas. Even though Talley and Renaud worked in Human Resources for the building, they were not granted the authority to formulate the policies and procedures.  The policies and procedures were promulgated by the corporate office and thus all employees, including Talley and Renaud followed the corporate office dictates like everyone else, under the immediate supervision of the Assistant General Manager and the General Manager.

Defendant's policies and procedures are **standardized** just as the Eleventh Circuit in Morgan v. Family Dollar 551 F.3d 1233, 1252 (11th Cir. 2008) (a collective action) found that the jobs of the plaintiffs, who were store managers were *"**standardized** and controlled by superiors."* Id. The Eleventh Circuit found that the plaintiffs in Morgan were misclassified as exempt and the plaintiffs were

awarded wages and liquidated damages.

Plaintiffs, in this case, did not seek to certify their claims as a collective action because it is *"settled that multiple plaintiffs to an FLSA action can be joined under Fed. R. Civ. P. 20(a)(1), and that such joinder does not constitute a 'collective action'"* <u>Mercedes-Benz U.S. International, Inc. v. Lawson</u>, No. 7:08-cv-536, 2012 WL 13024730 (N.D. Ala. Feb. 7, 2012).

### B. The potential for jury confusion may be resolved by proper jury instruction

Defendant alleges that allowing the case to go forward intact would "confuse the jury." Defendant in <u>Gonzalez v. Batmasian</u> made a similar argument as follows. *"Defendants argue that the jury will likely be confused because Gonzalez did not clock in and out, but Rosario did."* 320 F.R.D. 580 (S.D. Fla. 2017). The court responded by stating that *"I am unconvinced that the jury will be unable to distinguish these circumstances."* Id. The <u>Gonzalez</u> court further stated that *"...while Defendants argue that they will be prejudiced if Plaintiffs show they have had a practice of not paying overtime, Defendants have not shown how an FLSA case involving two employees will necessarily prejudice them."* <u>Id</u>.

While there are 35 plaintiffs in this case, Defendant has not shown how it would be necessarily prejudiced by litigating Plaintiffs' claims together. Any potential prejudice is outweighed by the court's strong directive to foster judicial

economy and avoid multiplicity of litigation. And any potential prejudice to
Defendant may be cured by the Court's use of the curative remedies at its disposal.

In Brown v. Vivint Solar, Inc., the court denied defendant's motion to sever
even though the plaintiffs lived in different cities, dealt with different salesmen
who reported to different supervisors, and had their encounters at different times.
Case No. 8:18-cv-838 (M.D. Fla. May 8, 2020). The defendant, in the Brown case,
further alleged that because two people averred that their credit reports were pulled
for an improper purpose, this would cause a jury to conclude that defendant must
be liable. Id. The Brown court stated that *"Judicial economy would not be
facilitated by holding separate trials on Plaintiffs' related claims that they will
attempt to prove using overlapping witnesses and documentary evidence."* And the
court went on to state that *"Any prejudice that Vivint contends may occur by trying
Plaintiffs' claims together can be mitigated by proper jury instructions."* Id.

Here too, Plaintiffs will use overlapping witnesses and documentary
evidence. And here too, any potential jury confusion may be mitigated by proper
jury instructions as apprised by Judge Jones.

In Sutton v. Clayton Hospitality Grp., Inc. Case No.: 6:14-cv-571 at 3 (M.D.
Fla. Feb. 4, 2015) defendants moved to sever the claims of each plaintiff because
defendants alleged that plaintiffs' claims were based on different facts and would

require different evidence to prove.  In <u>Sutton</u>, defendants claimed that having the

different facts and different evidence would be cumbersome and confusing to try

the claims together, in one trial.  The court disagreed and stated that *"Severing*

*Plaintiffs' claims would simply multiply the time and money required to try the*

*case while serving no useful purpose."* <u>Id</u>.

In a criminal matter, defendants moved to sever several counts of wrong-

doing contending that trying the plaintiffs together would unduly and unfairly

prejudice one of the defendants.  The court was *"unpersuaded"* that a jury would

be unable to follow the court's instructions and independently evaluate the

evidence against the one defendant. <u>United States v. Morrow</u>, 537 F.2d 120, 136

(5th Cir. 1976).  The court stated that *"The remedy of severance is justified only if*

*the prejudice flowing from a joint trial is clearly beyond the curative powers of a*

*cautionary instruction."* <u>Id</u>.

In the instant case, the prejudice that Defendant alleges would be created by

trying the Plaintiffs' claims contemporaneously is not beyond the curative powers

of Judge Jones' instruction.  Here, the jury will receive proper instruction by Judge

Jones as to the law and as to the jury's role in making its determinations sufficient

to cure any potential prejudice perceived by Defendant.

Defendant alleges that the logistics of trying Plaintiffs' claims, concurrently,

are a difficult task.  In <u>Morgan v. Family Dollar</u>, a collective action, and therefore a representative action, the court assisted by issuing a discovery management order resolving many of the discovery issues as they arose.  551 F.3d 1233, 1245 (11th Cir. 2008). The court limited defendant to 250 depositions of the opt-in Plaintiffs. <u>Id</u>. The court limited some of the depositions to five per day, each three hours long. <u>Id</u>. The court also allowed defendant to utilize written depositions of some of the plaintiffs. <u>Id</u>.

Here too, if logistics prove to be a challenge, the parties are permitted to seek the Court's guidance.  Also available for assistance is the Court's access to the mediation services by its magistrate judges who serve in the United States District Court, Northern District of Georgia.

*"Where there is a will, there is a way."* (Pauline Kael) In this case, it is worth the effort to assure that judicial resources are preserved and justice is promptly delivered by litigating all Plaintiffs' together.  Plaintiffs ask that the Court deny Defendants' Motion to Sever the Plaintiffs' claims, to lift the current stay, and to get on with the business of litigating the case as filed.

## <u>CONCLUSION</u>

WHEREFORE, for good cause shown, Plaintiffs respectfully request that the Court **DENY** Defendant's Motion to Sever.  A proposed Order is attached for this

purpose for the Court's convenience.

Respectfully submitted this 15th day of April, 2023.


*/s/ Beverly A. Lucas*

Beverly A. Lucas
Georgia Bar No. 427692
**LUCAS & LEON, LLC**
P.O. Box 752
Clarkesville, Georgia 30523
beverly@lucasandleon.com

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

**MARIA SIMMONS, et al,**

               Plaintiffs,

v.

**WAL-MART ASSOCIATES, INC.,**

               Defendant.

**CIVIL ACTION NO.:**

**2:23-cv-00015-SCJ**

**JURY TRIAL DEMANDED**

[proposed] **<u>ORDER</u>**

After review and consideration of the foregoing, Plaintiffs' Response to Defendant's Motion to Sever, and for GOOD CAUSE shown, the Court hereby **DENIES** Defendant's Motion to Sever.

     **IT IS SO ORDERED**

     This _____ day of April, 2023

                                    _____

                                    Honorable Steven C. Jones
                                    United States District Judge

## CERTIFICATE OF FONT COMPLIANCE AND SERVICE

In compliance with Local Rule 7.1D, I hereby certify that this document and PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO SEVER were prepared with one of the font and point selections approved by the Court n compliance with LR 5.1(B). Specifically, it was prepared with Times New Roman, 14 point.

I further certify that I electronically filed PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO SEVER with the Clerk of Court using CM/ECF system which will automatically send email or other notification of such filing to the attorneys of record:

Sarah M. Phaff                        Alyssa K. Peters
sphaff@constangy.com                  apeters@constangy.com

This 15th day of April, 2023.


*/s/ Beverly Lucas*
Beverly Lucas