UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| **MARIA SIMMONS, et. al.,** | **CIVIL ACTION NO.:** |
| | **2:23-CV-00015-SCJ** |
| Plaintiffs, | |
| v. | |
| **WAL-MART ASSOCIATES INC.,** | |
| Defendant. | |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO SEVER PURSUANT TO FED. R. CIV. P. 21**

Defendant Wal-Mart Associates, Inc. ("Walmart"), by and through undersigned counsel, in reply to *Plaintiffs' Response in Opposition to Defendant's Motion to Sever and Memorandum of Support* submits as follows:

**I.  PLAINTIFFS' CLAIMS DO NOT ARISE OUT OF THE SAME TRANSACTION OR OCCURRENCE.[1]**

FLSA exempt misclassification lawsuits require highly individualized inquiries based on the specific position and job duties of the employee. The Court

---

[1] Plaintiffs' Opposition appears to conflate two separate elements required for permissive joinder under a single point heading: Fed. R. Civ. P. 20 permits joinder if (1) the claims arise out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all plaintiffs will arise in the action. As set forth in detail in Walmart's moving brief, Plaintiffs' claims do not meet either of these elements.

1

should sever Plaintiffs' claims because they cannot articulate a transaction or occurrence or a serious of transactions or occurrences out of which their claims arise, beyond their allegations that they were all types of "managers" and were all misclassified as FLSA exempt.[2] As set forth in *Hicks v. Mercedes-Benz U.S. International, Inc.,* 2012 WL 13024730 (N.D. Ala 2012), these allegations are insufficient to permit joinder pursuant to Fed. R. Civ. P. 20.

Notably, Plaintiffs do not offer any argument that *Hicks* is distinguishable. Rather, they acknowledge their similarity with the plaintiffs in *Hicks*. (Pl. Br., at 5) ("Like the plaintiffs in Hicks, Plaintiffs here share a commonality in that each had the same or very similar jobs."). In *Hicks*, the Northern District of Alabama severed the FLSA claims of 100 employees, each of whom worked for defendant as a "Group Leader." 2012 WL 13024730, at *2. Each Group Leader argued that they were misclassified as exempt and entitled to overtime. *Id.* The *Hicks* court rejected the plaintiffs' argument that the classification of all Group Leaders as FLSA-exempt constituted the same transaction or occurrence. *Id.*

---

[2] In their opposition, Plaintiffs also assert that they "were all terminated at the same time, for the same pre-textual reason." (Pl. Br. at 8–9). This purported "similarity" is entirely irrelevant to Plaintiffs' FLSA claims. Only three Plaintiffs bring claims that require the showing of an adverse action (i.e., termination) and pretext: Gary Kirk, Shavonta Kinard, and Sabrina Hill who bring FMLA retaliation claims.

Accordingly, as in *Hicks*, the Court should sever Plaintiffs' claims because they have not identified a transaction or occurrence or a series of transactions or occurrences common to their claims. *See Hicks*, 2012 WL 13024730, at *2. Indeed, Plaintiffs' purported "commonality" is even more tenuous than the plaintiffs in *Hicks,* who all held the same position, because here, Plaintiffs held at least 20 different positions (including HR Business Partner, Environmental Health and Safety Operations Manager, Continuous Skills Development Manager, Area Manager, AP Associate, and Quality Assurance Manager).

In severing the plaintiffs' claims in *Hicks*, the court noted that, "the question of whether an employee's primary duty is management is a highly factual determination [that] 'must be based on all the facts in a particular case.'" 2012 WL 13024730, at *2 (quoting *Morgan v. Family Dollar Stores*, 551, F.3d 1223, 1267 (11th Cir. 2008). As *Hicks* illustrates, this highly individualized inquiry is difficult even amongst plaintiffs with the same job. *Id.* Plaintiffs identify only *one* case where a court joined individual FLSA overtime claims: *Gonzalez v. Batmasian*, 320 F.R.D. 580, 581 (S.D. Fla. 2017).³ *Gonzalez* is distinguishable because it involved only two

---

³ Plaintiffs argue that the 11th Circuit's certification of FLSA collective actions in *Grayson v. K-Mart Corp. and Morgan v. Family Dollar* support joinder in this matter. This argument fails because "Section 216(b)'s similarly situated requirement is **less stringent** than that for joinder under Rule 20(a) or for separate trials under 42(b)." (emphasis added); *see also Morgan*, 511 F.3d at 1261 (quoting *Grayson v.*

3

plaintiffs who were alleging that they were required to work off-the-clock. *Id.* at 581. The court's one page decision does not identify what the plaintiffs' job titles were, the type of work the plaintiffs performed, whether the defendants raised an exemption defense, or any other indication that the facts were analogous to those present in the instant case. *Id.*

In *Lasseter v. Restaurant Deliver Developers*, 2018 WL 4091987, at *3 (M.D. Fla. 2018), the court explained that, unlike in *Gonzalez* where there were only 2 plaintiffs, joining 162 individual plaintiffs would prejudice the defendant. *Id.* In granting the defendant's motion to sever, the *Lasseter* court relied on *Hicks,* reasoning that it was more closely analogous. *Id.* Plaintiffs argue that *Lasseter* is not analogous because the court was analyzing "whether the plaintiff's claims should be tried together as a collective action." (Pl. Br. at 7). This is not true: after the *Lasseter* court determined that the claims should be de-certified, it conducted a separate analysis under Fed. R. Civ. P. 20 and 21 and severed the claims. *Id.* at *4. Plaintiffs also grossly mischaracterize the court's holding in *Lasseter*, representing that "the court ultimately determined that the plaintiffs' claims did not arise from the same transaction, occurrence, or series or occurrence of transactions because each

---

*K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996)). As Plaintiffs have not filed a collective action, Plaintiffs' reliance on these cases is misplaced.

individual worker was employed at different times and labored under different supervisors." (Pl. Br. at 7–8). The *Lasseter* court did not consider when the plaintiffs were employed or their reporting structures. *See generally*, 2018 WL 4091987. The court did, however, summarize the court's reasoning in *Hicks* as follows:

> ***Among other considerations***, the court noted that determining whether an employee is exempt from the FLSA's overtime requirements is a highly fact intensive inquiry and that each individual worker was employed at different times and labored under different supervisors."

*Id.* at * 3 (citing *Hicks*, 2012 WL 13024730, at *2) (emphasis added).

As *Hicks* and *Lasseter* illustrate, FLSA exempt misclassification claims are highly individualized, and joinder of these claims requires plaintiffs to share more in common than merely holding management positions to satisfy the requirement under Fed. R. Civ. P. 20 of showing that their claims arise out of the same transaction or occurrence.

## II. JURY INSTRUCTIONS AND DISCOVERY ORDERS ARE INSUFFICIENT CURES TO THE PREJUDICE PRESENTED BY PROCEEDING AS A SINGLE CASE.

In the moving brief, Walmart identifies a number of additional factors that support severing Plaintiffs' claims, including promoting and simplifying settlement possibilities, preventing case management issues (particularly with regard to discovery) and avoiding jury confusion and prejudice to Walmart. Plaintiffs'

proposed solutions, jury instructions, and discovery orders fail to address or insufficiently address these issues.

Both the number of Plaintiffs and the diversity of their claims substantially limit the efficacy of a curative instruction. Here, 35 plaintiffs are bringing FLSA, FMLA, Title VII, and common law claims. This is distinguishable from each case cited by Plaintiffs where a court determined that a curative instruction could prevent jury confusion. *See Gonzalez*, 320 F.R.D. at 581 (involving 2 plaintiffs bringing only FLSA claims); *Brown v. Vivint*, No. 8:18-cv-838, 2020 WL 2309869 at *2 (M.D. Fla. May 8, 2020) (involving 2 plaintiffs bringing only Fair Credit Reporting Act claims); *Sutton v. Clayton Hospitality Grp., Inc.*, No. 6:14-cv-571, 2015 WL 478387 at *3 (M.D. Fla. Feb. 4, 2015) (involving 7 plaintiffs bringing only FLSA claims), *see also* United States v. Morrow, 537 F.3d 120, 125 (5th Cir. 1976) (involving criminal conspiracy charges brought against 11 defendants).

Plaintiffs also propose that a discovery or case management order could prevent prejudice to Walmart, relying on *Morgan*, 551 F.3d at 1254. However, as a collective action, *Morgan* is not applicable here, where representative testimony and evidence and representative authority for settlement is not possible.

Moreover, the following issues raised in Walmart's moving brief are not addressed in Plaintiffs' Opposition whatsoever:

1. As Human Resource Business Partners (Dkt. 9 ¶¶ 11, 50), testimony of Plaintiffs Shekena Talley and Shalon Renaud may be required to adjudicate the claims by the other Plaintiffs.

2. Plaintiffs Kirk, Kinnard, and Hill bring FMLA claims, and discovery will be needed on medical conditions, FMLA eligibility and procedures/process, as well as job performance, termination, and mitigation; all of which are topics of discovery generally outside of and wholly irrelevant to FLSA cases.

3. Severing the claims would preserve judicial resources by promoting individual settlement of the claims.

Accordingly, in the interest of justice, Walmart requests that the Court sever Plaintiffs' Claims.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Walmart's moving brief, Walmart respectfully requests that the Court sever this action, dropping and dismissing all plaintiffs but the first-named Plaintiff, Maria Simmons.

Respectfully submitted this 28th day of April 2023,

                                      CONSTANGY, BROOKS, SMITH
                                      & PROPHETE, LLP

                                      /s/ Alyssa K. Peters
                                      ALYSSA K. PETERS
                                      Georgia Bar No. 455211

577 Mulberry St., Suite 710
P.O. Box 1975
Macon, GA 31202-1975
(478) 750-8600
apeters@constangy.com

                                      **ATTORNEY FOR DEFENDANT**

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that this document has been prepared with correct margins and one of the font and point selections approved by the Court in Local Rule 5.1, specifically Times New Roman, 14.

Dated this 28th day of April, 2023.

                                                      CONSTANGY, BROOKS, SMITH
                                                      & PROPHETE, LLP

                                                      /s/ Alyssa K. Peters
                                                      ALYSSA K. PETERS
                                                      Georgia Bar No. 455211

577 Mulberry St., Suite 710
P.O. Box 1975
Macon, GA 31202-1975
(478) 750-8600
apeters@constangy.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing DEFENDANT'S REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO SEVER PURSUANT TO FED. R. CIV. P. 21 with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to all attorneys of record.

This 28th day of April, 2023.

                                                            CONSTANGY, BROOKS, SMITH
                                                            & PROPHETE, LLP

                                                            /s/ Alyssa K. Peters
                                                            ALYSSA K. PETERS
                                                            Georgia Bar No. 455211

577 Mulberry St., Suite 710
P.O. Box 1975
Macon, GA 31202-1975
(478) 750-8600
apeters@constangy.com