IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| MARIA SIMMONS, THANH LE, TIMOTHY BALDWIN, LORIECELLE BONNEY, SHEKENA TALLEY, GARY KIRK, SHALON RENAUD, THOMAS DRISCOLL, KENDRA RUSSELL, KEITH RICHARDS, TOM MOELLER, THERON ECKWOOD, FELICIA MCKENSIE, CHARLENE CRUMP, KEITH BRADLEY, DARIUS BAKER, BRYAN ARNOLD, RODNEY TAYLOR, JACQUES BAYA, SHAVONTA KINARD, DAVID COLLIER, JUAN ROSADO, STEPHEN WILSON, COREY ADAMS, SABRINA HILL, JACQUELYN JONES, ANGELIQUE MCLEOD, RICK BUTTS, IESHA PRATHER, TIMOTHY DUGGER, CHANTA SWINT, AMANDA TYREE, KAREN MURPHY (COOPER), STEPHANIE SMITH, and MALIK FRANKLIN, <br><br> Plaintiffs, <br><br> v. <br><br> WAL-MART ASSOCIATES, INC. <br><br> Defendant. | CIVIL ACTION FILE <br><br> No. 2:23-CV-0015-SCJ |

## ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R"). Doc. No. [21]. The R&R recommends that Defendant's Motion to Sever be granted. Plaintiffs have filed Objections. Doc. No. [23].

To challenge the findings and recommendations of the Magistrate Judge, a party must file with the Clerk of Court written objections which "shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis of the objection." Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989). If timely and proper objections are filed, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The portions of an R&R to which no objection is made are reviewed for clear error only. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006).

On January 25, 2023, Plaintiffs Maria Simmons, Thanh Le, Timothy Baldwin, Loriecelle Bonney, Shekena Talley, Gary Kirk, and Shalon Renaud filed

a Complaint against Defendant Wal-Mart Associates, Inc. ("Walmart") in which they asserted claims pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"). Doc. No. [1] at ¶¶ 88-101. Plaintiff Kirk also asserted interference and retaliation claims under the Family Medical Leave Act ("FMLA") (id. at ¶¶ 102-24), and Plaintiff Talley also asserted a claim under the Equal Pay Act of 1963 ("EPA") (id. at ¶¶ 125-35). Defendant answered the Complaint (Doc. No. [6]), and Plaintiffs then filed an Amended Complaint which added 28 Plaintiffs, for a total of 35. Doc. No. [9]. All Plaintiffs assert FLSA claims based on Defendant's alleged misclassification of Plaintiffs as salary-exempt under the FLSA and failure to pay them overtime premium wages for all hours worked in excess of 40 hours per workweek (Count I, Doc. No. [9] at ¶¶ 269-82), and they all assert claims for unjust enrichment (Count II, id. at ¶¶ 283-86). Plaintiffs Gary Kirk, Shavonta Kinard, and Sabrina Hill also assert interference and retaliation claims in violation of the FMLA (Counts III through VIII, id. at ¶¶ 287-351), and Plaintiff Shekena Talley also asserts an EPA claim (Count IX, id. at ¶¶ 352-62).

Defendant then moved to sever Plaintiffs' claims pursuant to Rules 20 and 21, "dismissing all but the first named Plaintiff, Maria Simmons, and for other

and further relief as the Court deems just and proper." Doc. No. [14], 1. Plaintiffs responded in opposition (Doc. No. [16]), and Defendant replied (Doc. No. [17]). The Magistrate Judge recommended that the Motion to Sever be granted noting the following factors:

- Plaintiffs were all employed by Walmart in Georgia as managers during different time periods.
- Several Plaintiffs worked remotely.
- Plaintiffs occupied several different positions.

Doc. No. [21], 7-10. The basis for the recommendation is the fact-intensive, individualized inquiry required to determine whether each of the 35 Plaintiffs was exempt under the FLSA. Id. at 13.

In the Objections (Doc. No. [23], 5), Plaintiffs acknowledge that whether to sever the 35 individual Plaintiffs is within this Court's discretion. Nevertheless, Plaintiffs urge the Court to entertain the broadest possible scope of action with fairness to the parties. Id. (citing Vanover v. NCO Fin. Servs., Inc., 857 F.3d 833, 839 (11th Cir. 2017)).

This Court agrees with the Magistrate Judge's finding that the need to address each of Plaintiffs' claims individually outweighs the judicial economy

4

arguments put forth by Plaintiffs. Furthermore, the Court finds no prejudice to Plaintiffs in requiring them to proceed individually.

Based on the foregoing, Plaintiffs' objections (Doc. No. [23]) to the R&R are **OVERRULED**. The R&R (Doc. No. [21]) is **HEREBY ADOPTED** as the order and opinion of this Court. Therefore, all Plaintiffs other than the first named, Maria Simmons, are severed from this action pursuant to Federal Rule of Civil Procedure 21; their claims are **DISMISSED WITHOUT PREJUDICE** to the right to file individual actions against Walmart in the appropriate District Court and Division no later than 30 days from the date of this Order.[1] Plaintiff Maria Simmons is **ORDERED** to file an Amended Complaint setting out only her individual claims within 30 days of the date of this Order.

IT IS SO ORDERED this 29th day of January, 2024.

_____
HONORABLE STEVE C. JONES
United States District Judge

---

[1] The statute of limitation shall be tolled until the deadline for filing individual actions has expired.