IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| MARIA SIMMONS,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC.,<br><br>Defendant. | CIVIL ACTION NO.<br>2:23-CV-00015-SCJ-JCF<br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND MOTION TO DISMISS PURSUANT TO FED. R. VIV. P. 12(b)(6)**

COMES NOW, Plaintiff, Maria Simmons ("Plaintiff" or "Ms. Simmons"), by and through her attorney, in the above-styled action responding to Defendant's Second Motion to Dismiss Plaintiff's Third Amended Complaint for failure to state a claim upon which relief may be granted.

**I.  INTRODUCTION**

Defendant moves to dismiss Ms. Simmons' claim in FSLA. In actuality, Defendant's Motion to Dismiss is more akin to a summary judgment motion, as Defendant essentially demands that Ms. Simmons prove her prima facie case without testamentary evidence or authenticated documentary evidence which is obtained through the discovery process and the normal litigation process. Ms.

1

Simmons asserts that she is not required to prove her case within her Complaint and has more than adequately placed Defendant on notice of her claims sufficient for Defendant to defend against same. Ms. Simmons demonstrates more fully below her claim against Defendant should be permitted to proceed and Defendant's motion to dismiss should be **DENIED** in its entirety.

## II.     MOTION TO DISMISS LEGAL STANDARD

A plaintiff's complaint, under Rule 8(a) requires only a "short and plain" statement of the grounds for the court's jurisdiction and "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Indeed, a plaintiff is only required to show that she has a claim for which she can obtain relief, and a complaint can only be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P, 12(b)(6). A motion to dismiss does not test the merits of the case, but requires only that "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level." Mills v. Foremost Ins. Co., 511 F.3d 1300, 1303 (11th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In ruling on a motion to dismiss, the factual allegations in the complaint must be accepted and construed in the light most favorable to the Plaintiff, as well as accept all well-pleaded material allegations in the complaint as true. Young Apts., Inc. v. Town of

Jupiter, 529 F.3d 1027, 1037 (11th Cir. 2008); Twombly, 550 U.S. at 555-56; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

The Eleventh Circuit, applying Twombly and Iqbal, has concluded that the U.S. Supreme Court did not direct lower courts to abandon the "short and plain statement" standard of Rule 8. *See* Harrison v. Benchmark Electrons, Huntsville, Inc. 593 F.3d at 1214 (reversing the lower court's ruling in an employment case.)

Consistent with the liberal pleading standard, the U.S. Supreme Court, in Twombly stated that a complaint need not contain "detailed factual allegations," but must only "give the defendant fair notice of what…claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. Thus, to survive a 12(b)(6) motion to dismiss, a court must first determine whether a complaint contains "sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. 570.

Therefore, when evaluating a Rule 12(b)(6) motion to dismiss, a court must first determine whether a complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v Twombly, 550 U.S. 544,570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Moreover, Twombly "does not impose a probability requirement at the pleading stage, it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [a claim]. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely'" Twombly, 550 U.S. at 556 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

## III.   ARGUMENT AND CITATIONS OF AUTHORITY

### A. Plaintiff's Third Amended Complaint Satisfies the Twombly/Iqbal Standard Necessary to Survive Defendant's Motion to Dismiss

Defendant, in its second Motion to Dismiss, relies heavily upon the unpublished case of Campbell v. High Tech Rail & Fence, LLC, No. 3:18-cv-4-TCB, 2019 U.S. Dist. LEXIS 243795, at 4-8 (N.D. Ga. Feb. 4, 2019). "Such an "unreported opinion is lacking in value as precedent and is not binding on lower courts. ..." (Citation and punctuation omitted.) Dept. of Transp. v. Metts, 208 Ga. App. 401, 401 (1), 430 S.E.2d 622 (1993); " Bender v. Southtowne Motors of Newnan II, Inc., 339 Ga. App. 439, 444 (Ga. Ct. App. 2016); United States v. Stinson, 239 F. Supp. 3d 1299, 1306 n.15 (M.D. Fla. 2017).

Additionally, Campbell v. High Tech. Rail & Fence, LLC is a collective action. In the case *sub judice*, there is but one Plaintiff. Ms. Simmons is not

4

attempting to certify a class. Therefore, some of the discussion in the Campbell case is inapposite to this case.

The court in Mejia v. Premier Pharma Services, Inc., denied defendant's motion to dismiss because the court found that plaintiff's pleadings were sufficient to state a case in the FLSA. This was because the Mejia plaintiff pled that defendant's employees engaged in commerce, generated revenue in excess of $500,000, was plaintiff's employer, the dates of employment that plaintiff worked for defendant, and the complaint stated that plaintiff while working overtime hours were not paid overtime pay. ("While these allegations are not overly detailed, we find that a claim for relief for failure to pay minimum wage [or] to provide overtime compensation . . . under FLSA does not require more.")

Mejia v. Premier Pharma Services, Inc., CASE NO.: 8:11-cv-266-T-23TGW, at *2 (M.D. Fla. Apr. 5, 2011)

In the instant case, Ms. Simmons, included each of the above factors in her pleadings. Ms. Simmons' Third Amended Complaint pleadings assert, the elements necessary to satisfy the Twombly/Iqbal standard as listed below.

"Defendant was and is, at all times relevant to this action, an 'employer' within the meaning of FLSA, 29 U.S.C. § 204(d), an 'enterprise' within the

meaning of FLSA, 29 U.S.C. § 204(r), and 'engaged in commerce' within the meaning of FLSA, 29 U.S.C. §§ 203(s)(1), 206, and 207." (3rd Amend. C. ¶ 18). "…in multiple counties located in Georgia, with two or more employees handling, selling or otherwise working on goods and material that have been moved in or 'produced for commerce by any person' within the meaning of 29 U.S.C. § 203(s)(1)(A). (3rd Amend. C. ¶ 21).

"During the relevant time period, the annual gross revenues of Defendant exceeded $500,000 per annum." (3rd Amend C. ¶ 22).

"…she was hired on or about April 21, 2003 and was terminated via a Zoom call on or about August 25, 2022." (3rd Amend. C.. ¶32).

"Defendant paid no overtime premium wages whatsoever to Plaintiff despite Plaintiff working a significant amount of hours over 40 hours during many workweeks." (3rd Amend. C. ¶3) "As an example, Plaintiff worked 66 hours without overtime compensation during the work week of January 25, 2021 to January 29, 2021, and February 21, 2022 to February 25, 2022, Plaintiff worked 60 hours in a single work week, without receiving overtime compensation." (3rd Amend. C. ¶ 12).

"While these allegations are not overly detailed, we find that a claim for relief for failure to pay minimum wage, to provide overtime compensation, or to keep appropriate records under FLSA does not require more." Secretary of Labor v. Labbe, 319 F. App'x 761, 764 (11th Cir. 2008).

Defendant asserts in its Second Motion to Dismiss that the allegations contained in Ms. Simmons' Third Amended Complaint are insufficient. The Motion labels Ms. Simmons' pleadings as vague, non-specific and without enough detail to place Defendant on proper notice of any specific claim for overtime. (Def's MTD Intro).

In Labbe, the court stated that "The elements that must be shown are simply a failure to pay overtime compensation…." (citing 29 U.S.C. § 207). Ms. Simmons' Third Amended Complaint, pleaded that Defendant failed to pay overtime wages in multiple paragraphs and in multiple ways. (See 3rd Amend C. ¶¶¶ 1, 3, 4, 11, 12, 13, 14, 30, 31, 33, 42, 45, 56, 58, 63 for examples of Plaintiff placing Defendant on notice that she is asserting an FLSA claim.) "The court recognizes that extensive, detailed pleading is not the norm in the context of an FLSA claim. Allegations of an employer's failure to pay overtime wages presents relatively clean legal and factual issues known to the defendant employer."

Obertein et al. v. Assured & Associates Personal Care of Georgia, Inc. et al., 1:14-cv-0490-AT (N.D. Ga. Feb. 23, 2015). And the Obertein court declined to find that plaintiffs are required to plead with precision and specificity all the dates and hours worked in their pleadings considering the fact that the burden to accurately report, record and preserve records of hours worked by employees is that of the employer. Id.

However, Ms. Simmons did plead in her Third Amended Complaint at least four specific workweeks in which she worked in excess of 40 hours without overtime premium compensation, (See 3rd Amend C. ¶¶ 12, and 34) thereby exceeding Judge Totenberg's expectations for pleadings necessary to state an FLSA complaint.

"In accordance with Labbe, once a Plaintiff has made factual allegations sufficient to withstand a motion to dismiss for failure to state a claim under the FLSA, even where the allegations are not 'overly detailed,' the court is permitted to find that a claim under the FLSA 'does not require more'" 319 F. App. at 764. Adili v. Mason Dixon Intermodal, Inc., 1:19-cv-01920-SCJ, 2020 U.S. Dist. LEXIS 114688, at *4-5 (N.D. Ga. May 11, 2020).

## B. Plaintiff's Third Amended Complaint Sufficiently States a Claim in FLSA

As above, Plaintiff's Third Amended Complaint properly states a claim in the FLSA. However, Defendant has misstated certain facts regarding Plaintiff's Third Amended Complaint and Ms. Simmons seeks to point out those misstatements here.

Defendant incorrectly alleges that Ms. Simmons failed to state when she was terminated. "…and terminated via Zoom on or about August 25, 2022" (See 3rd Amend C. ¶9). Defendant mistakenly asserts that Ms. Simmons did not state the time period when she was misclassified. "Plaintiff worked for Defendant in a "manager" position, during the relevant time period." The Complaint defines the relevant time period as between August of 2019 and August 25, 2022. (See 3rd Amend. C. ¶ 2). Defendant contends that Ms. Simmons did not state with specificity the time period when she worked overtime. Although Plaintiff does give some specific dates when she worked overtime, (See 3rd Amend C. ¶¶ 12 &34) Plaintiff is not required to state every such date in an FLSA Complaint. <u>Obertein et al. v. Assured & Associates Personal Care of Georgia, Inc. et al.</u>, 1:14-cv-0490-AT (N.D. Ga. Feb. 23, 2015). Defendant claims that other statements regarding Defendant's centralized structure of management makes the Third

9

Amended Complaint somehow deficient when in actuality, these statements are not required in order to state a claim in the FLSA. <u>Adili v. Mason Dixon Intermodal, Inc.</u>, 1:19-cv-01920-SCJ, 2020 U.S. Dist. LEXIS 114688, at *4-5 (N.D. Ga. May 11, 2020). These statements simply provide some context to the reader and are not elements of an FLSA claim. <u>Secretary of Labor v. Labbe</u>, 319 F. App'x 761, 764 (11th Cir. 2008). *"In sum, plaintiff established that defendant was his employer and is covered under the FLSA, Plaintiff also showed that he worked more than forty hours per week and was not paid overtime wages. Plaintiff therefore stated a claim under the FLSA."* <u>Ray v. Mfinch & Wperry Sols., Inc.</u> No. 1:21-cv-04836-JPB, 2022 U.S. Dist. LEXIS 197638, at 5-6 (N.D. Ga. October 26, 2022). Defendant incorrectly states that Ms. Simmons failed to list any of her job duties. (Although not required, See 3rd Amend C. ¶¶ 10 and 41). "Thus, the complaint does not need to allege all of the specific detail called for by defendant." <u>Perez v. Greensky, LLC</u>, No. 1:20-cv-2397-CC-JSA, 2020 U.S. Dist. LEXIS 257327, at *21 (N.D. Ga. Oct. 27, 2020).

Defendant compares <u>Campbell v. High Tech Rail and Fence</u>, a collective action case to the instant case. This case is differentiated not just because this case is a single plaintiff case but because Ms. Simmons did identify specific workweeks when she worked in excess of 40 hours. (See 3rd Amend C. ¶¶ 12 & 34) The

plaintiffs in Campbell made generalized statements like "throughout the last three years." And the court correctly found that the pleadings in Campbell were insufficient.

Defendant cites to Hanson v. Harris Teeter, LLC, No. 216-54, 2016 WL 6836936 (S.D. Ga. Nov. 18, 2016) However, this case is differentiated from Hanson because the plaintiff in Hanson apparently provided no factual basis to support a claim in FLSA. The court noted that there were no date ranges during which she worked overtime pled in her complaint. Defendant emphasizes this point by citing to St. Croix v. Genentech, Inc., No. 8:12-cv-891-T33EAJ, 2012 WL 2376668. At 2 (M.D. Fla. June 22, 2012), which states in part, *"However, the Complaint offers only conclusory allegations that, "[a]t all times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours per work week." (Doc. # 2 at ¶ 5). St. Croix provides no dates or date ranges during which she worked overtime or any other factual basis on which this Court can make a "just and reasonable inference" as to the amount and extent of her work."*

St. Croix v. Genentech, Inc., No. 8:12-cv-891-T-33EAJ, at *5 (M.D. Fla. June 22, 2012)

In this case, Plaintiff has pled specific date ranges of when she worked overtime and she defined the relevant time period in her complaint. (See 3rd Amend C. ¶¶2, 9, 12, and 34).

Defendants refer to several cases that are outside the Eleventh Circuit. Authority from outside the Eleventh Circuit is merely persuasive, not binding on this Court." Wandoff v. Kijakazi, Civil Action 5:20-cv-103, at *2 (S.D. Ga. Mar. 8, 2022).

The court in Pruell v. Caritas Christi, 168 F.3d 10 (1st Cir. 2012), dismissed an FLSA claim because the plaintiff failed to allege that he worked in excess of forty hours in any workweek. As above, Ms. Simmons has made said allegations and multiple times throughout her Third Amended Complaint. In Davis v. Abington Mem'l Hosp., 765 F.3d 246 (3d Cir. 2014), a collective action, the court denied plaintiffs' request to amend their complaint because the court alerted plaintiffs to the deficiencies in their complaint but plaintiffs failed to correct the deficiencies. In this case, Ms. Simmons corrected the deficiencies in her Complaint in accordance with the Court's Order. In Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc., 723 F.3d 192 (2d Cir. 2013), the plaintiffs failed to move the court for leave to amend their complaint when the court found that the element of plaintiffs'

actual and direct employer were not pled in the complaint. The court did not order the plaintiffs to amend their complaint sua sponte. Eventually, the court ordered termination of case vacated and the court remanded the case for further proceedings. Ms. Simmons had but one employer who she defined as Defendant.

Ms. Simmon's Third Amended Complaint satisfies the Twombly/Iqbal and Defendant's Motion to Dismiss should be DENIED by the court.

## IV. Plaintiff's Third Amended Complaint Supersedes Plaintiff's Previous Complaints

It is well-settled that once a plaintiff amends his or her complaint, the "amended complaint supersedes the original version in providing the blueprint for the future course of a lawsuit." Wilson v. First Houston Inv. Corp., 566 F.2d 1235, 1237-38 (5th Cir. 1978) ("As a general rule an amended complaint supersedes and replaces the original complaint, unless the amendment specifically refers to or adopts the earlier pleading."), *vacated on other grounds,* 444 U.S. 959 (1979). *See, e.g.,* Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002); Johnson v. Know Fin. Group, L.L.C., 2004 WL 1179335, *6 n. 4 (E.D. Pa. May 26, 2004) ("[I]t is axiomatic that an amended complaint that does not refer to or incorporate an original complaint supersedes the original complaint and renders it of no legal effect.") (citation omitted). As such, the "original pleading no longer

13

performs *any* function in the case." *See, e.g.,* Land v. Lichtenstader, 2003 WL 21262387, *1 (D. Del. May 30, 2003) (emphasis added; citation and internal quotation omitted).

Ms. Simmons has not incorporated her previous Complaints into her Third Amended Complaint. Therefore, Ms. Simmons' prior pleadings are not operational.

> "Under ... federal law, an amended complaint supersedes the initial complaint and because the operative pleading in the case. Lowery v. Alabama Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007). What is written in prior pleadings should not be used as a basis for a finding of bad faith.

Turner v. Inzer, No. 4:11-cv-567-RS-WCS, at *7 (N.D. Fla. Aug. 29, 2013).

In this case, all previous complaints are superseded by Plaintiff's Third Amended Complaint. And an award of attorney's fees are not proper at this time.

## V.  CONCLUSION

Ms. Simmons' Third Amended Complaint satisfies the Twombly/Iqbal standard for pleading and Defendant's Motion to Dismiss should be **DENIED** in toto. In the alternative, if the Court finds that Ms. Simmons' Third Amended Complaint is deficient by not meeting the Twombly/Iqbal standard, Ms. Simmons' requests leave to amend once again.

THIS 27th DAY of March 2024.

                                                    */s/ Beverly A. Lucas*

                Beverly A. Lucas, Esq.
                *Attorney for Plaintiff*
                Georgia Bar Number 427692

LUCAS & LEON, LLC
Post Office Box 752
Clarkesville, Georgia 30523
706-754-2001
beverly@lucasandleon.com

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| MARIA SIMMONS,<br><br>Plaintiffs,<br><br>v.<br>WAL-MART ASSOCIATES, INC.,<br><br>Defendant. | CIVIL ACTION NO.<br>2:23-CV-00015-SCJ-JCF<br><br><br>JURY TRIAL DEMANDED |

### CERTIFICATE OF FONT COMPLIANCE AND SERVICE

In accordance with Local Rule 7.1D, I hereby certify that the foregoing was prepared with one of the font and point selections approved by the Court in Local Rule 5.1B. Specifically, it was prepared with Times New Roman, 14 point.

I further certify that I electronically filed the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT' S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system which will automatically send email or other notification of such filing to the following attorneys of record:

This 27th day of March 2024.          */s/ Beverly A. Lucas*
                                       Beverly A. Lucas
                                       Georgia Bar No.: 427692

LUCAS & LEON, LLC
Post Office Box 752
Clarkesville, Georgia 30523
706-754-2001 (O)
706-754-8085 (F)
beverly@lucasandleon.com