## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

MARIA SIMMONS,

|  |  |  |
|---|---|---|
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
|  | ) | **2:23- CV-00015-SCJ-JCF** |
| v. | ) |  |
|  | ) |  |
| WAL-MART ASSOCIATES, INC., | ) | JURY TRIAL DEMANDED |
|  | ) |  |
| Defendant. | ) |  |

### PLAINTIFF'S RESPONSE TO  DEFENDANT'S OBJECTIONS TO R & R AND IN SUPPORT OF THE R & R

COMES NOW, Plaintiff, Maria Simmons, responding to the Court's R & R and to Defendant's Objections to same as follows:

### I.     INTRODUCTION

Defendant filed a Motion to Dismiss Plaintiff's Third Amended Complaint ("TAC") on March 1, 2024. The Magistrate Judge recommended that said motion be denied (Doc. 49). The R & R is now before the Court for its review. Plaintiff respectfully requests that the Court **ADOPT** the Report and recommendation as an **ORDER** of the Court and DENY Defendant's Objections.

## II.  **STANDARD OF REVIEW**

When considering a motion to dismiss, courts in the Eleventh Circuit
utilize a two-pronged approach in its application of the Iqbal/Twomby standard.
The first prong eliminates "any allegations in the complaint that are mere legal
conclusions" and then "where there are well-pleaded factual allegations," the court
assumes "their veracity and then determine[s] whether they [the facts] plausibly
give rise to an entitlement to relief." Am. Dental Ass'n v. Cigna Corp., 605 F.3d
1283, 1290 (11th Cir. 2010).

## III.  **PROCEDURAL HISTORY**

In response to Defendant's concerns raised by its multiple motions to
dismiss, Plaintiff filed in response her Third Amended Complaint. (Doc. 31)
Defendant filed a Third Motion to Dismiss on March 15, 2024 (Doc. 33) The
Magistrate Judge recommended, in his R & R, that Defendant's motion to dismiss
be DENIED.

## IV.  **DEFENDANT'S "RELEVANT FACTS" AND ARGUMENT**

Within Defendant's "Relevant Facts" section, Defendant cited to
statements, included in Plaintiff's TAC for context and labels the statements as
"bare bones," even though more specific facts were also included in Plaintiff's
TAC.   In this section, Defendant attempted to place a higher burden for pleading

- 2 -

upon Plaintiff when such burden does not exist in the law.  As an example,

Defendant extracted a statement from the TAC that Plaintiff worked "a significant

amount of hours in excess of forty in **many** work weeks" and included it in its

Objections to the R & R. Within the TAC, Plaintiff more specifically set out certain

overtime hours that Plaintiff worked during four specific weeks. This fact is not

lost on Defendant as Defendant cited the specific weeks as outlined in Plaintiff's

TAC. Defendant characterizes these specific weeks as insufficient because the TAC

does not provide the total number of hours of overtime worked nor the weeks

Plaintiff worked overtime aside from the four specific weeks set out in Plaintiff's

TAC.  Defendant further faults Plaintiff because, according to Defendant, Plaintiff

"did not describe the actual job duties" that her position entailed.

  As the R & R correctly concludes, in order to state a claim in FLSA,

Plaintiff needs only to demonstrate 1) an employment relationship existed; 2) that

the employer is an enterprise engaged in interstate commerce covered by the

FLSA; and 3) that the employee worked over forty hours per week, but was not

paid overtime wages. Hernandez v. Anderson, No. 5:14-cv-577-Oc-39PRL, 2015

U.S. Dist. LEXIS 72342 at *5-6 (M.D. Fla. June 4, 2015).

  Plaintiff's TAC appropriately contains facts satisfying the above

elements. Plaintiff asserts that she was an employee with Defendant for 19 years.

(Doc. 31 ¶¶ 2, 8, 9, 32) Plaintiff alleges that Walmart, an international employer, is an enterprise engaged in interstate commerce, covered by the FLSA for which Plaintiff worked overtime hours without compensation. (Doc. 31 ¶¶ 2,13,30,35,42) These are but examples of facts asserted within the TAC sufficient to satisfy the pleading standard and sustaining a claim in FLSA. As outlined within the R & R, this Court has found for the plaintiffs and against Defendant in similar cases previously severed from the instant case. Those cases are Moeller v. Wal-Mart Associates., Inc., Civil Action No. 2:24-cv-23-SCJ; Bradley v. Wal-Mart Assocs., Inc., 2:24-cv-27-SCJ; Arnold v. Wal-Mart Assocs., Inc., 2:24-cv-22-SCJ; and Wilson v. Wal-Mart Assocs., Inc., 2:24-cv-29-SCJ. "It is a fundamental axiom of legal decision-making that courts should strive to avoid construing the law in a manner that creates or results in contradiction or conflict. This has most obviously been stressed in the interpretation of statutes." E.g., Morton v. Mancari, 417 U.S. 535, 94 S.Ct. 2474 (1974) (courts should strive to interpret statutes in a manner that avoids unnecessary conflict).

In re Employment Discrimination Litigation, Civil Action No. 94-T-356-N, Civil Action No. 68-T-2709-N, at *1 (M.D. Ala. Mar. 28, 2003)

Defendant additionally contends that two cases cited within the R & R concluded that the FLSA claims at issue were insufficient as pleaded and are analogous to the case at bar. These cases are Hernandez v. Anderson, No. 5:14-cv-577-Oc-39PRL, 2015 WL 3514483, *6 (M.D. Fl. June 4, 2015) and Obertein v. Assured & Assocs. Personal Care of Georgia, Inc., No. 1:14-cv-0490-AT, 2015 WL 13546465, *2 (N.D. Ga. Feb. 23, 2015). However, in Hernandez v. Anderson, the court found that the plaintiff failed to allege facts showing that enterprise coverage existed and that the annual business revenue was over $500,000 per year.  The case here, does not mirror the Hernandez case on these issues but instead Plaintiff's TAC pleaded enterprise coverage (Doc. 31 §§18, 20, 24, 25 ) and further pleaded that Defendant's annual business revenue exceeded $500,000 per year. (Doc 31. §22)

As for the case of Obertein v. Assured & Assocs. Personal Care of Georgia, Inc., Judge Totenberg allowed plaintiff to amend his complaint and because the amended complaint was one day late, defendant filed a motion to strike which was denied. Plaintiff's amended complaint was found to sustain an action in FLSA and the case was decided at trial.

Defendant further argued that Plaintiff's TAC should be dismissed because Plaintiff did not set out, the specific tasks she performed as part of her

position with Defendant. This is again an attempt by Defendant to convince the Court that alleging such is Plaintiff's burden.  It is not. As Judge Totenberg stated in the Obertein case, "such an extensive, detailed pleading is not the norm in the context of an FLSA claim…" Id at 2.

Defendant further cited to Campbell v. High Rail and Fence, LLC, No. 3:18-cv-00004-TCB, 2018 WL 11440993 as the court in Campbell found that generalized statements were not sufficient to sustain a claim in FLSA. The Campbell case is not informative for deciding Defendant's motion in this case. This is because, although the TAC contained some generalized terms, Plaintiff additionally listed multiple, specific weeks in which Plaintiff worked overtime without receiving appropriate wages owed. The totality of the TAC placed Defendant on adequate notice, with enough specificity, of the nature of Plaintiff's complaints. Fed.R.Civ. P 8(a)(2). Therefore, Defendant's objections to the R & R should be **OVERRULED** and the Court should **ADOPT** the R & R as the ORDER of the Court.

Respectfully submitted, this 4th day of November 2024.

/s/ Beverly A. Lucas
Beverly A. Lucas
Georgia Bar No. 427692

LUCAS & LEON, LLC
Post Office Box 752
Clarkesville, Georgia 30523
T: (706) 752-2001
F: (706) 752-8085
beverly@lucasandleon.com


*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

MARIA SIMMONS,    )
           )
           )
   Plaintiff,    )  CIVIL ACTION FILE NO.:
           )  2:23-cv-00015-SCJ
v.          )
           )
WAL-MART ASSOCIATES, INC., )  JURY TRIAL DEMANDED
           )
   Defendants.   )

## CERTIFICATE OF FONT COMPLIANCE REQUIRED BY LOCAL RULE 7.1D AND SERVICE

In accordance with Local Rule 7.1D, I hereby certify that this document was prepared with one of the font and point selections approved by the Court in Local Rule 5.1B. Specifically, it was prepared with Times New Roman, 14 point.

I further certify that I electronically sent PLAINTIFF'S RESPONSE TO DEFENDANTS OBJECTIONS TO THE R & R or other notification of such filing to the following attorneys of record:

   Alyssa K. Peters
   Sarah Phaff
   at Constangy, Brooks, Smith & Prophete, LLP

This 4th day of November 2024.

/s/ Beverly A. Lucas
Beverly A. Lucas
Georgia Bar No. 427692