IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

MARIA SIMMONS,

  Plaintiff,

v.

WAL-MART ASSOCIATES, INC.,

  Defendant.

CIVIL ACTION FILE

No. 2:23-CV-00015-SCJ

### ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R"). Doc. No. [49].[1] The R&R recommends that Defendant's Motion to Dismiss the Third Amended Complaint (Doc. No. [33]) be denied. Defendant has filed Objections (Doc. No. [51]), and Plaintiff has filed a response thereto (Doc. No. [52]). The matter is fully briefed and ripe for consideration by this Court.

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

I.   STANDARD OF REVIEW

To challenge the findings and recommendations of the Magistrate Judge, a party must file with the Clerk of Court written objections which "shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis of the objection." Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989). If timely and proper objections are filed, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The portions of an R&R to which no objection is made are reviewed for clear error only. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006).

II.   BACKGROUND

There are no objections to the Background section of the R&R. Therefore, the Court has included the content of that section below.

On January 25, 2023, Maria Simmons and six other Plaintiffs filed a Complaint against Defendant Wal-Mart Associates, Inc. in which they asserted claims pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Doc. No. [1] ¶¶ 88-101. Defendant did not move to dismiss

that Complaint for failure to state a claim, but instead answered it. Doc. No. [6]. Plaintiffs then filed an Amended Complaint which added 28 Plaintiffs, for a total of 35. Doc. No. [9]. All Plaintiffs asserted FLSA claims based on Defendant's alleged misclassification of Plaintiffs as salary-exempt under the FLSA and failure to pay them overtime premium wages for all hours worked in excess of 40 hours per workweek (Count I, Doc. No. [9] ¶¶ 269–82), and they all asserted claims for unjust enrichment (Count II, Doc. No. [9] ¶¶ 283–86). The Parties filed their Joint Preliminary Report and Discovery Plan on March 27, 2023 (Doc. No. [12]), and on April 3, 2023, in lieu of filing its answer to Plaintiffs' Amended Complaint, Defendant moved to sever Plaintiffs' claims (Doc. No. [14]) and moved to stay proceedings in the case until after a ruling on the Motion to Sever (Doc. No. [13]). Defendant did not move to dismiss the first Amended Complaint for failure to state a claim. The Court granted the Motion to Stay (Doc. No. [15]), and on January 29, 2024, the Court granted the Motion to Sever, dismissed without prejudice all Plaintiffs other than Maria Simmons, and directed Simmons to file an amended complaint naming only herself as Plaintiff (Doc. No. [24]).

Simmons filed a Second Amended Complaint on January 30, 2024. Doc. No. [25]. She continued to assert claims for violations of the FLSA based on

Defendant's alleged misclassification of her as exempt from overtime pay and failure to pay her overtime pay and unjust enrichment, and she asserted a claim for attorney's fees and expenses under O.C.G.A. § 13-6-11. Defendant moved to dismiss Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6) for failure to state a claim on which relief can be granted. Doc. No. [28]. By Order entered February 14, 2024, the Magistrate Judge directed Plaintiff to file an amended complaint to address pleading deficiencies outlined in Defendant's motion. Doc. No. [29]. The Court also explained that discovery would "not be stayed during the pendency of Defendant's motion to dismiss or any subsequent motions to dismiss in light of the age of this case" and that "Defendant's motion to dismiss (Doc. No. [28]) is taken under advisement until Plaintiff files her amended complaint as directed in this Order." Doc. No. [29] at 4.

Plaintiff then filed a Third Amended Complaint (Doc. No. [31]), and the Court denied Defendant's Motion to Dismiss the Second Amended Complaint as moot and directed Defendant to answer or respond to the Third Amended Complaint (Doc. No. [32]). Defendant moved to dismiss Plaintiff's Third Amended Complaint for failure to state a claim for relief. Doc. No. [33]. Plaintiff responded (Doc. No. [34]), and Defendant replied (Doc. No. [37]).

4

## III. REPORT & RECOMMENDATION

In the R&R, the Magistrate Judge recommended that the Motion to Dismiss the Third Amended Complaint be denied. In reaching this conclusion, the Magistrate Judge found that Plaintiff adequately alleged the elements of an FLSA overtime claim. The R&R notes that the Third Amended Complaint includes examples of precise weeks when Plaintiff worked more than 40 hours in a workweek and facts asserting that Plaintiff regularly performed manual tasks (as opposed to managerial tasks). The Magistrate Judge noted that the undersigned has found similar factual allegations made by the Plaintiffs severed from this action to be sufficient to state a claim for relief.

## IV. DEFENDANT'S OBJECTIONS

As the party objecting to the R&R, Defendant has the burden of specifying with particularity the alleged error(s) made. See Macort, 208 F. App'x at 784 ("It is critical that the objection be sufficiently specific and not a general objection to the report."). To be specific, an objection must refer to particular findings in the R&R and assert the precise basis for objection. Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989); Sledge v. PHH Mortg. Corp., No. 1:22-CV-1704-WMR, 2023 WL 2949989, at *2 (N.D. Ga. Jan. 25, 2023).

In its Objections to the R&R, Defendant does nothing more than cite nonbinding caselaw that disagrees with the outcomes reached by the Magistrate Judge and the undersigned in the severed cases. While the Court recognizes that reasonable jurists could disagree on the adequacy of allegations in asserting an FLSA claim, it not persuaded by Defendant's legal citations. As the Magistrate Judge points out, Plaintiff provided specific date ranges when she worked overtime as well as facts indicating the nature of her work. Accordingly, the Court agrees with the R&R in finding that the Third Amended Complaint alleges enough facts to state a claim for relief that is plausible on its face and thus is sufficiently pled.

## V.     CONCLUSION

Defendant's Objections (Doc. No. [51]) are **OVERRRULED**, and the R&R (Doc. No. [49]) is **ADOPTED** as the order and opinion of this court.

IT IS SO ORDERED this 5th day of November, 2024.

_____
HONORABLE STEVE C. JONES
United States District Judge