# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| MARIA SIMMONS,<br><br>    Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC.,<br><br>    Defendant. | CIVIL ACTION NO.:<br>2:23-CV-00015-SCJ-JCF<br><br><br>JURY TRIAL DEMANDED |

## JOINT MOTION TO STAY PENDING MEDIATION

COME NOW, Plaintiff Maria Simmons and Defendant Wal-Mart Associates, Inc., by and through undersigned counsel and hereby move this Court for an Order staying all deadlines in this matter. In support of this Motion, Simmons and Walmart (collectively "the Parties") show as follows:

1.    On January 25, 2023, Simmons and six other plaintiffs filed a Complaint against Walmart which asserted various claims, including, but not limited to, claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("FLSA").  (Doc. 1).

2.    After Walmart answered on February 24, 2023, plaintiffs filed an Amended Complaint which added 28 additional plaintiffs (for a total of 35 plaintiffs) and alleged claims pursuant to the FLSA, among other claims. (Docs. 2, 6, 9, at ¶¶ 269-362).

3.      On April 3, 2023, Walmart moved to sever plaintiffs' claims and moved to stay the proceedings until after the Court ruled on the Motion to Sever. (Docs. 13, 14). The motion to stay pending the resolution of Walmart's motion to sever was granted. (Doc. 15).

4.      On January 29, 2024, this Court issued an Order severing all plaintiffs other than Simmons and requiring that Simmons file an amended complaint setting out her individual claims against Walmart. All the other plaintiffs' claims were dismissed without prejudice and each plaintiffs had the "right to file individual actions against Walmart in the appropriate District Court… no later than 30 days from the date of this Order."  (Doc. 24, at p. 5).

5.      On January 30, 2024, Simmons filed her Second Amended Complaint ("SAC," Doc. 25), which asserted claims pursuant to the FLSA based on Walmart's alleged misclassification of her as exempt, for unjust enrichment, and for attorneys' fees and expenses under O.C.G.A. § 13-6-11. (Doc. 25, at ¶¶ 49-68). [1]

6.      Walmart moved to dismiss the SAC for failure to state a claim on which relief can be granted, and, on February 14, 2024, the Court directed Simmons to file an amended complaint. (Docs 28, 29, at p. 4).

---

[1] Ten of the severed plaintiffs subsequently filed individual suits that are currently pending before this Court. The parties are simultaneously filing similar joint motions seeking a stay in those cases for the purposes of engaging in mediation.

7.    On March 1, 2024, Simmons filed her Third Amended Complaint ("TAC," Doc. 31), which alleges violations of the FLSA based on Walmart's alleged misclassification of Simmons as exempt and is now the operative complaint. (Doc. 31, at ¶¶ 51-64).

8.    Following denial of Walmart's Motion to Dismiss the TAC (Docs. 33, 34, 37, 49, 51, 52, 53), Walmart answered the TAC on November 18, 2024. (Doc 55).

9.    Pursuant to the Court's October 3, 2024 order, the parties filed their joint discovery status report on November 15, 2024, identifying discovery disputes and issues between the parties. (Doc. 54). The Parties exchanged written discovery and Defendant took the deposition of Plaintiff.

10.    Pursuant to the Court's November 22, 2024 Order, Walmart filed its motion to quash and for protective order as to Plaintiff's Rule 30(b)(6) Deposition Notice, which was fully briefed by January 6, 2025. (Docs. 57, 58, 60, 61). Walmart also  took Simmons' second deposition on January 15, 2025 pursuant to the Court's Order. (Doc. 59).

11.    The parties filed a joint motion for a limited discovery extension to conduct the 30(b)(6) deposition of Walmart on January 17, 2025, seeking a 45-day extension of discovery from the date the Court issued an order on Defendant's motion to quash, which was granted. (Docs. 62, 63).

12.     This Court granted in part and denied in part Walmart's motion to quash and for protective order on February 18, 2025, which set close of discovery as April 4, 2025. (Doc. 64).

13.     The Parties have agreed to explore the potential for resolution, have agreed to mediation, and are in the process of identifying a mutually agreeable mediator and mediation dates.

14.     The Parties therefore request the Court enter an Order staying all deadlines in this case. A stay will permit the Parties to focus on a resolution, and prevent the Parties from incurring additional attorneys' fees and costs further litigating this matter, and allow the Parties to allocate their resources towards a potential settlement. Within two weeks following the mediation, the Parties agree to submit a joint status report notifying the Court regarding the result of the mediation and if necessary, will seek permission to continue and or seek an extension of the applicable deadlines in order to conduct the remaining deposition and post-discovery motions.

15.     This Motion is made for good cause and is not being made for the purposes of delay. The relief requested will not prejudice the Parties.

WHEREFORE, based on the foregoing considerations and authorities, the Parties request that the Court issue an Order staying the case and all deadlines.

Respectfully submitted this 17th day of March 2025.

Lucas & Leon, LLC

/s/ Beverly A. Lucas
BEVERLY A. LUCAS
Georgia Bar No. 427692
P.O. Box 752
Clarkesville, Georgia 30523
Telephone: (706) 754-2001
beverly@lucasandleon.com

*Attorney for Plaintiff*

CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP

/s/ Sarah M. Phaff
SARAH M. PHAFF
Georgia Bar No. 140626
230 Peachtree Street, NW, Suite 2400
Atlanta, Georgia 30303-1557
Telephone: (404) 230-6777
sphaff@constangy.com

/s/ Alyssa K. Peters
ALYSSA K. PETERS
Georgia Bar No. 455211
Highridge Centre
3920 Arkwright Road
Suite 375
Macon, GA 31210
Telephone: (478) 750-8600
apeters@constangy.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I electronically filed the foregoing JOINT

MOTION TO STAY PENDING MEDIATION with the Clerk of Court using the

CM/ECF system which will automatically send email notification of such filing to

all attorneys of record.

Dated this 17th day of March, 2025.

CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP

/s/ Alyssa K. Peters
ALYSSA K. PETERS
Georgia Bar No. 455211

Highridge Centre
3920 Arkwright Road
Suite 375
Macon, GA 31210
(478) 750-8600
apeters@constangy.com